Martha Sherman, Appellant, v. Daniel Parish, Respondent.

The principle of courts of equity, that in cases of breach of trust, where no general rule or order of the court interferes, and where the facts of the case call for a contribution or a recovery over, that all persons who should be before the court to enable it to make complete and final judgment are necessary parties to the action, is not abrogated by the Code.

If, after timely objection of want of parties, the plaintiff does not bring them in, the complaint may, in the discretion of the court, be dismissed, but without prejudice to a new action. An unqualified judgment, dismissing complaint in such case for want of parties, is erroneous, and is subject to review.

The complaint should not be dismissed, even without prejudice, and plaintiff put to a new action, when the same end may be reached by allowing the cause to stand over, on such terms as are equitable, until the plaintiff bring in the necessary parties.

A married woman may acquiesce in an unauthorized investment of trust property given to her sole and separate use, so as to bar her right of

action against her trustee therefor. She is not estopped, however, by such acquiescence from seeking a withdrawal of the fund from the unauthorized investment, and the placing of it as required by the trust.

(Argued June 11, 1873; decided October 7, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought by plaintiff, a daughter of Jacob Parish, deceased, for the purpose of compelling the investment by the defendant of the sum of $18,000, which was alleged in the complaint to have been received by said defendant, with others now deceased, as trustees under the will of Jacob Parish, to be invested pursuant to the provisions of a trust contained in such will for the benefit of the plaintiff; and which sum, as was alleged, such trustees had failed to invest. It was also sought by the action to compel the defendant to pay over to the plaintiff the interest on such sum of $18,000 from the year 1842, when, as is alleged, the money was received, to the present time.

Jacob Parish, the testator, died on or about the 19th day of November, 1841, leaving a will by which he appointed his three sons, Henry, James and Daniel Parish, and his son-in-law, the husband of the plaintiff, Allen M. Sherman, his executors. His will was duly admitted to probate and letters testamentary were issued thereon to three of the executors therein named, James and Daniel Parish and Allen M. Sherman. Henry Parish did not qualify. Mr. Sherman was the acting executor.

The will contained the following clause: " I direct and empower my executors to invest on bond secured by mortgage, in the names of my two sons, Henry Parish and Daniel Parish, and my friend, Joseph Kernochan, as trustees for my daughter, Martha Sherman, the wife of Allen M. Sherman, Esq., the sum of $30,000 for the following uses and trusts, that is to say, to pay and apply the interest, income and profits of the said sum of $30,000 for the use, benefit and

advantage of my said daughter, Martha Sherman, for her own separate and sole use and benefit, and not to be subject to or liable for the debts and contracts of her said husband, notwithstanding her coverture; and that the said trustees for my said daughter may, at the request in writing of my said daughter, Martha, appoint her said husband, or any other person, as her agent or attorney to receive such income or interest; and that upon such an appointment of agent or attorney so to act in the premises, the said trustees shall be justified in paying over, but shall in no wise be answerable for his default or misapplication of the moneys so received and paid; provided, however, that if my said daughter shall survive her said husband, then, and in that event, my said daughter shall be entitled to and receive as her own absolute estate the whole of the said sum of $30,000, and the trustees shall pay the same to her as an absolute legacy, and given and bequeathed by me accordingly; provided, however, that should my said daughter die before her said husband, that then and in that event the said principal sum of $30,000 shall go to and be distributed to and amongst her children, if she have any such; and in the event of her having none, then to and amongst her next of kin who would have been entitled thereto if she had died unmarried or a *femme sole*, and fully possessed the said principal as her own separate estate."

The executors did not make the investment as directed, but on or about the 25th day of March, 1842, paid over to the trustees, or one of them, the sum of $30,000 in money, and the trustees gave their joint receipt therefor.

The complaint admitted and alleged that the trustees did invest $12,000 of this fund upon bond and mortgage agreeably to the terms of the trust, and the only questions were as to the disposition of the residue of $18,000. It was originally invested upon bond and mortgage strictly in accordance with the directions of the trust. The entire business of the trust was assumed by Henry Parish, who, with the knowledge and acquiescence of plaintiff, attended to it until he became incapacitated by reason of an attack of par-

alysis. The business was managed by Mr. Sherman, who had the principal custody of the fund. The mortgage for the $18,000, was paid in in September, 1846, to Henry Parish; $10,000 was subsequently invested in a bond and mortgage. Upon this being paid, about $14,000 of the fund was invested in railroad bonds and bank stock, which were delivered to Mr. Sherman. The stock purchased was transferred to him on the books of the bank; these investments were made prior to June, 1849. The securities and the balance of the fund or the proceeds, remained in the hands of Mr. Sherman, of which plaintiff had knowledge. No portion of said fund ever came into the possession of defendant. In July, 1849, Henry Parish was stricken with paralysis and incapacitated for business, and so remained until his death, which occurred in 1856. Mr. Kernochan, the other trustee, died in 1864. Both these trustees died wealthy and had personal representatives living at the time of the bringing of this action. Further facts appear in the opinion. The referee directed judgment, dismissing the complaint.

*J. K. Hayward* for the appellant. It is a trustee's duty to see that proper investments of the trust fund are made. (*Thompson* v. *Finch*, 22 Beav., 326; *Lincoln* v. *Wright*, 4 id., 427; *Hamburgh* v. *Kirkland*, 3 Sim., 265; *Broadhurst* v. *Bolgny*, 1 N. Y. & C., ch. 16; *Brice* v. *Stokes*, 11 Ves., 319; *Walker* v. *Symonds*, 3 Swans., 326.) Where there are two trustees it is the duty of both to see that the property is duly secured or rightly applied. (Smith's Manual of Equity, 195; Story's Eq., § 110 *a*, 1281, note, 1284, n.; 2 Spence, 310, n., 920, 934; *Correll* v. *Gatcombe*, 27 Beav., 568; *Griffiths* v. *Porter*, 25 id., 236.) Defendant failed to do his duty as trustee, having joined in the receipts and permitted his co-trustees to keep and act with the money, contrary to the trust. (*Monell* v. *Monell*, 5 J. Ch., 295; *Brice* v. *Stokes*, 11 Ves., 324; *Harvey* v. *Blakeman*, 4 id., 596; *Cross* v. *Smith*, 7 East, 240; *Spencer* v. *Spencer*, 11 Paige, 299; *Belmont* v. *O'Brien*, 12 N. Y., 404; *Powers* v. *Bergen*, 6 id., 360; *Wood*

v. *Wood*, 5 Paige, 596.) Neither the executors of the deceased trustees, nor their alleged abandonee are necessary parties to this action. (*Johnson* v. *Bennett*, 39 Barb., 249 ; *Ex parte Angle*, Barn. Ch. R., 423 ; S. C., 2 Atk., 163 ; *Walker* v. *Symonds*, 3 Swans., 73 ; 5 Beav., 293 ; 8 Hare, 171 ; 51 U. S. S. C. Eq. Rule ; *Heath* v. *Erie R. Co.*, 7 Blat., 411 ; 25 Eq. Rule, Penn. Code, § 120 ; *Cunningham* v. *Pell*, 5 Paige, 622 ; Story's Eq., 213 ; *Nelles* v. *Clark*, 30 Wend., 24 ; *Attorney-General* v. *Brown*, 1 Swans., 265 ; *Ch. Cor.* v. *Sutton*, 2 Atk., 406 ; *Lingarg* v. *Bromley*, 1 V. & B., 117 ; *Seddon* v. *Connell*, 10 Sim., 86.) The statute of limitations does not apply as between *cestuis que trust* and express trustees as to rents and profits. (Perry on Trusts, § 871 ; *Kane* v. *Bloodgood*, 7 J. R. ; *Beckford* v. *Wade*, 17 Ves., 96 ; 3 De G., F. & J., 72 ; Hill on Trustees, 822, n. [4 Am. ed.] ; *Hone* v. *Van Schaick*, 7 Paige, 221–234 ; *Thompson* v. *Finch*, 22 Beav., 325.)

*James C. Carter* for the respondent. Defendant is only liable for so much of the trust funds as he received. (Story's Eq., § 1280 *et seq.*; *State* v. *Guilford*, 18 Ohio, 500 ; 3 White & Tudor's Ldg. Cas. in Eq., 434, 3d Am. ed.) Payment of the interest to plaintiff's husband, who was living with her, was a good payment to her. (Lewin's L. of Trusts [3d Eng. ed.], 642 ; *Rowley* v. *Urwin*, 2 K. & J., 138 ; *Jaques* v. *M. E. Ch.*, 3 J. Ch., 77 ; *Carter* v. *Rideout*, 1 Mac & Gor., 599 ; *In re Kirwan's Estate*, 1 Irish R. [Eq.], 513 ; *Corbally* v. *Granger*, 4 id., 513 ; *Leech* v. *Way*, 5 L. J. [N. S.], 100 ; 3 White & Tudor's Ldg. Cas. in Eq., 434, Am. Notes.) Mere passive inaction is no breach of a trust. (2 Story's Eq., § 1280 *et seq.*; *Banks* v. *Wilkes*, 3 Sand. Ch., 99 ; *Sutherland* v. *Brush*, 7 J. Ch., 17 ; *Monell* v. *Monell*, 5 id., 283 ; *Monahan* v. *Gibbons*, 18 J. R., 427.) All the co-trustees are necessary parties defendant (Story's Eq. Pl., §§ 72, 213, 745 ; *Munch* v. *Cockerill*, 8 Sim., 219 ; *Perry* v. *Knott*, 4 Beav., 179 ; *Cunningham* v. *Pell*, 5 Paige, 607 ; Lewin L. of Trusts [3d Eng. ed.], 845 *et seq.*; Code, §§ 118, 122, 144.) Plaintiff's

right of action is barred by the statute of limitations. (Story's Eq. Jur., § 1521 *a.*; *Whalley* v. *Whalley*, 3 Bligh, 1; R. S., part 3, chap. 4, tit. 2, art. 5, § 52; Code, § 97.) Plaintiff's ignorance of her rights does not affect the operation of the statute. (*Bruce* v. *Tilson*, 25 N. Y., 194; *Oakes* v. *Howell*, 27 How. Pr., 145.) Plaintiff's acquiescence precludes her from now seeking relief for the breach of trust. (*Jones* v. *Higgins*, 25 L. J. [N. S.], part 1, ch. 403; *Hodgson* v. *Bibby*, 32 Beav., 221.)

FOLGER, J. It is plain that the complaint was framed in mistake of the facts of the case. So far from there having been an omission by the trustees to invest any part of the fund as directed, the whole of it was invested at first, in the prescribed kind of security. Afterward, though that kind of security was not sought, yet nearly the whole fund has been kept invested in sound securities, yielding income, which has been applied for the benefit of the plaintiff. The case alleged in the complaint has not been made out. But the proofs gone into have disclosed the whole case; and it may be disposed of as it exists, and as though the pleadings had been conformed thereto, in such manner as will save the rights of all concerned.

The defendant and Kernochan, for the most part, did not participate actively in the execution of the trust. They permitted their co-trustee to manage it alone. He was acceptable to the primary *cestui que trust*, and of such pecuniary ability that no loss will result. His management was, in some respects faulty, from a disregard of the directions given. Yet the fund can be followed into sound securities, or found in the hands of responsible persons, or recovered from his estate, and brought again under a management in strict accord with the directions of the will. The power to mismanage was given to the acting trustee, by the acts of Kernochan and the defendant, devolving the sole management upon him. These acts were innocent in themselves, and in the orderly course of the matter. But without them he

could not have acquired sole possession and control of the fund, and could not, of his own will, and without their knowledge, have made the unauthorized investments of the fund, or other disposition of it. There has been no fraudulent conduct on the part of any trustee; neither has been guilty of any tort. There has been inattention to the duty imposed and accepted, and thus a chance for mismanagement given to the active trustee. It is a general rule that one trustee shall not be liable for the acts or default of his co-trustee. This rule has limits. But the majority of the court do not think, that by anything appearing in this case, is the defendant made liable to the plaintiff, for the acts of his co-trustee Henry Parish. And, if he were, when called upon to account, if held chargeable, he should be afforded his remedies against his co-trustees, and any third persons who have been accessory. Although he is not personally liable, yet, as it is evident that there has been a departure from the directions of the will, and as it is proper that they should be conformed to, and, as the defendant is, as sole surviving trustee, the only one who can perform this duty, there seems to be no reason, why this action may not be used to enable him, and the plaintiff through him, to effect that end, with proper safeguards of his rights. Hence it is, that the first question arising is, whether the plaintiff is not in fault, in not bringing before the court all the parties necessary for a determination of the whole case, so as to protect the defendant as well as the plaintiff. It is quite clear, that if the defendant had been held to answer in the first instance to the plaintiff, he should have recompense from the estate of the active trustee, contribution from that of the co-trustee equally in fault, and be enabled to pursue and recover the fund in the securities in which it has been put, and in the hands of the third parties receiving it with knowledge. (*Lockhart* v. *Reilly*, 1 De Gex & Jones, 464; *Lingard* v. *Bromley*, 1 Vesey & Beames, 114; *Greenwood* v. *Wakeford*, 1 Beav., 580.) It is convenient that those whom he may thus call upon should be parties in the action. Thus multiplicity of suits is

·avoided. The evidence affecting him in favor of the plaintiff will have its legitimate effect in his favor against others, and so diverse results in different actions be escaped, and one judgment in one action, upon one hearing, end all. It is the principle of courts of equity in cases of breach of trust, where no general rule or order of the court interferes, and when the facts of the case call for a contribution or a recovery over, that all persons who should be before the court, to enable it to make complete and final judgment, are necessary parties to the action. (Hill on Trustees, * 520, 521 ; Perry on Trusts, §§ 875, 876, 877 ; Lewin on Trusts, * 845 ; *Munch* v. *Cockerell*, 8 Simons, 219 ; *Perry* v. *Knott*, 4 Beav., 179 ; *Shipton* v. *Rawlins*, 4 Hare, 619 ; *Cunningham* v. *Pell*, 5 Paige, 607.) Nor has our mode of procedure abrogated this rule. The Code says that any person may be made a defendant, who is a necessary party to a complete determination or settlement of the questions involved in the action. There are certain exceptions to this rule, but none of them comes into this case.

There should have been, parties to this action, the representatives of Henry Parish, the representatives of Joseph Kernochan, also Allen M. Sherman and Ann Parish. At the least these. That they are not, is the fault of the plaintiff. The defendant raised the point as soon as he could, which was by answer. He established the averments of his answer by his proofs.

It is said that a bill is never dismissed for want of parties, as that would be to increase or prolong litigation, thereby thwarting one of the very ends sought, by compelling the bringing in of all necessary parties. The cause is, therefore, often allowed to stand over when the lack of parties appears, that they may come in or be brought in. This practice is not universal nor rigid. If, after timely objection of want of parties, the plaintiff does not bring them in, the complaint may, in the discretion of the court, be dismissed, but without. prejudice to a new action. (*Van Epps* v. *Van Deusen*, 4 Paige, 64.)

In the case before us, the learned referee dismissed the complaint with costs, finding, as a conclusion of law, that the plaintiff had no cause of action against the defendant. He did not found his judgment upon the want of necessary parties. The General Term affirmed the judgment of the referee. Its judgment was not upon that ground alone. This is noticed here, because the defendant makes a point, that the dismissal of the complaint, for such cause, is in the discretion of the court below, the exercise of which may not be reviewed by this court. There is a discretion, whether a complaint shall be dismissed or the cause stand over; but there is not a discretion to dismiss, save to dismiss without prejudice to the right, to bring another action for the same cause. An unqualified judgment, dismissing a complaint for want of proper parties, it is held, is erroneous, as that might bar another suit in which the proper parties are brought before the court. (*Van Epps* v. *Van Deusen, supra; Miller* v. *McCan,* 7 Paige, 451; and see *Hutchinson* v. *Reed,* Hoffm. Chy. R., 316.) Here the dismissal is absolute, reserving no right. It is not the exercise of discretion merely, on account of the absence of necessary parties, and is subject to review· Considering the facts in reference to this question alone, it is not demanded by them that the complaint should be dismissed absolutely for the lack of necessary parties, nor even that it should be dismissed without prejudice to the right of the plaintiff, to bring a new action for the same cause against all the proper parties. It is plain that the directions of the will, as to the investment of the trust fund, have not been adhered to; that the income from the fund, though it has gone to the benefit of the plaintiff, has not been paid out in exact accordance with the will, and it is not certain but that some part of the fund is beyond recovery from the hands into which it has gone. Unless the acquiescence of the plaintiff relieves her trustees, they, or the estate of some or one of them, are liable to respond. It is needlessly harsh, needlessly dilatory, and needlessly prolongs litigation to dismiss the complaint, though without prejudice, and

put the plaintiff to a new action, when the same end may be reached, by allowing the cause to stand over on such terms as are equitable, until the plaintiff shall bring in all the necessary parties. It is claimed, however, by the defendant, that the plaintiff has acquiesced in all the dealings with the trust fund of the active co-trustee, and of Allen M. Sherman; and that such acquiescence relieves the defendant from liability to her. It is found, by the learned referee, that the plaintiff fully assented and acquiesced in the exclusive control and management of the co-trustee after May, 1846, and especially with the disposition of the $18,000, after it was paid on the Van Schaick mortgage. It is also found or shown by the testimony, that she did this with knowledge of all important and material facts and circumstances. It is also apparent, from the testimony, that she was not the subject of fraud, compulsion, undue influence or the like. I am satisfied, from a careful reading of the case, that the findings in this regard are sustained. It is stated generally in the text-books that acquiescence, by the *cestui que trust,* in a breach of trust by the trustee, will bar a recovery therefor. (Hill on Trustees * 525 *et seq.;* Perry on Trusts, §§ 467, 849 ; Lewin on Trusts * 773, 774.) And this proposition is sustained by the authorities cited, of which see *Brice* v. *Stokes* (11 Vesey, Jr., 325). This generality is stated to be so limited, as that the *cestuis que trust* must be *sui juris* and capable of acting for themselves; so that married women, minors and others thus under disability cannot be bound by alleged acquiesence, or even by urgent requests. This, again, is qualified to the extent, that a married woman may acquiesce in an unauthorized investment of trust property, given to her sole and separate use, in such manner as to bar her, after complaint of the investment as improper, so as to affect her trustee personally. (*Walker* v. *Shore,* 19 Vesey, Jr., 387 ; *Jaques* v. *Meth. Epis. Ch.,* 17 J. R., 548.) Such is the case here.

These being the facts, and this the law, the defendant is, in this wise, again relieved from a personal liability to the plaintiff for the acts of his co-trustee in making unauthorized

investments of the trust fund, and in paying over the income from the fund to her husband to be expended for her benefit. And yet this acquiescence of the plaintiff does not cover all the contingencies. In case of her death before that of her husband, the fund is to be distributed among her children, if she have any; or if she have none, among her next of kin. Her acquiescence may not bar them of a right to inquiry of, or through the defendant after the trust fund, and of an account and of a restoration from parties liable thereto. Furthermore, I know of no reason why, if the plaintiff is now dissatisfied with her own conduct and that of the active co-trustee, she may not so far reconsider, as to seek a withdrawal of the principal of the fund from the unauthorized investments, and the placing of it in the kind of securities sanctioned by the will, and may pursue such portion of the principal as has gone into the hands of third persons, to the same end; and may, in the use of the fund, and in the payment for her benefit of the income, restore it to a proper course of management. And if, through the conduct of the active co-trustee and her concurrence, any of the principal has been lost, it may be replaced from her own estate existing outside of the trust or by his estate, as shall be adjudged.

This action, when all persons have been brought in as parties who are necessary to a complete determination, may be used for that purpose if she be so advised. This must be done at her own cost and expense, so far as the defendant now in the action is concerned; and his entire costs of the action should be paid by her.

In this view of the case, it is not necessary to pass upon the question raised, of whether the statute of limitations creates a bar to the action of the plaintiff. We hold that she cannot have a judgment which will affect him personally. But he is still trustee. He still has a duty to perform in regard to the trust fund, which is to reduce to possession the securities in which it is invested; to change them into such securities as will accord with the directions given to him; and to pursue and recover any part of the fund which has

gone into the hands of third parties, and who are liable to restore it.

It is in this view that we think that the action should proceed with the defendant as a party, and such new parties as are necessary or proper.

The judgment of the referee and of the General Term, should be modified accordingly.

All concur.

Judgment accordingly.