ELIHU B. SMITH AND THE FIRST NATIONAL BANK OF ELMIRA, RESPONDENTS, *v.* JOHN T. RATHBUN AND NEWTON P. FASSETT, EXECUTORS, &c. OF SIMEON BENJAMIN, DECEASED, AND JOHN T. RATHBUN, APPELLANTS.

*Directors of a bank, allowing it to be damaged by wrongful acts of its president—liability of, to the bank and its stockholders—when the president is not a necessary party to an action to enforce such liability—misjoinder of causes of action.*

This action was brought by a national bank and one of its stockholders, against two of its directors, to recover the damages occasioned by the president thereof having, in violation of his duty, lent the money of the bank, without security, and by his having borrowed, taken away and appropriated its money to his own use. The complaint alleged that the defendants knew of those acts and might have prevented them, but negligently permitted and allowed, and aided, countenanced and assisted the president to do them, and concealed the facts from the plaintiff and other stockholders. *Held,* that the president was not a necessary party to the action.

The defendants demurred, on the ground, that two causes of action were improperly joined, viz., one for negligence and the other for malfeasance. *Held,* that the demurrer was properly overruled, as the complaint stated but one cause of action; that it would be impracticable in this case to clearly distinguish between those acts of the defendant which merely permitted and those which aided the president in his wrong-doing. (*Wiles* v. *Suydam,* 64 N. Y., 173,—distinguished.)

The amended complaint alleged that the action was originally commenced

by Smith, the stockholder, as the sole plaintiff, and that the bank had since been ordered and allowed by the court to be joined as a party plaintiff, and that it was so joined by the amended complaint.

*Held*, that the validity and propriety of the order allowing the bank to be so joined could not be considered upon a demurrer to the complaint, as by demurring the defendants admitted the making of the order, and there was nothing to show but that it had been made by consent or affirmed on appeal to the Court of Appeals.

APPEAL from an interlocutory judgment entered upon a decision overruling a demurrer interposed to the complaint.

The amended complaint, to which the demurrer was interposed, alleged that the action " was originally commenced by Elijah B. Smith, as sole plaintiff, and that the First National Bank of Elmira has since been adjudged by this court to be a necessary party, and has been ordered and allowed, by an order of this court, to be joined with the said Elijah B. Smith, as a plaintiff in this action, and is, in pursuance of said order, and of this amended complaint, so added, as a party plaintiff." That the plaintiff, the First National Bank, was duly incorporated, and that the plaintiff Smith owned fifty shares of its capital stock.

" That from the time of the first organization of said bank until in October, 1867, Samuel R. Van Campen was its president, Simeon Benjamin its vice-president and a director, and John T. Rathbun was director thereof. That until in or about the month of October, 1869, the business of the said bank was profitable; the said shares of stock greatly increased in value, and became and were of the market value of one hundred and fifty dollars each. And on information and belief the plaintiffs further say, that in and prior to 1867, the said Van Campen, in violation of his duty as president of the said bank, and contrary to law, loaned from the funds of said bank to divers individuals and copartnership firms and to insolvent persons, without sufficient security, large sums of money, exceeding at times to each of such persons and firms one-tenth of the capital stock of the bank, whereby the said First National Bank sustained great losses, and was greatly injured; and that the said Van Campen borrowed or took from the funds of said bank for his own private use, and appropriated to his own use, large sums of money, varying from one thousand to seventy-five thousand at a time, much of

which was never returned or repaid to the bank. That the said Van Campen, as the said Simeon Benjamin and John T. Rathbun at the time well knew, was insolvent at the time, and unable to pay his debts; and that he, as such president, made untrue quarterly reports of the condition and resources of the bank, representing worthless securities, or securities of little or no value, transferred by himself to the bank, to be other and valuable securities, and so reporting the same. And that the said Van Campen, as such president, was guilty of other acts of misconduct, of all of which each of the plaintiffs was ignorant, and of which, as the plaintiffs are informed and believe, all, or nearly all, of the stockholders except the defendants in this action were ignorant. Whereby, and by reason of the acts of the said Van Campen before mentioned, the said banking association sustained great losses, and the said shares of stock became and were of little or no value. And on information and belief, the plaintiffs further say, that in and prior to 1867, the said Simeon Benjamin and John T. Rathbun, while such officers of said bank, were informed and knew of the doing of said wrongful acts of the said Van Campen when or about the time of their being done; and that the said Van Campen had thus violated, and was thus violating, his duty as such officer of the bank, and might have prevented the same. That they negligently permitted and allowed him to do said acts, and aided and countenanced and assisted him in so doing, and concealed the facts from the plaintiff, Elijah B. Smith, and other stockholders, and allowed, permitted and assisted the said Van Campen to so draw and loan, use and waste the funds and property of the said banking association, and to remain and act as president thereof, and thus defraud and injure the said banking association and the stockholders thereof. Whereby the said banking association sustained damages to the amount of $135,000, including the share or damage sustained by the plaintiff, Elijah B. Smith, of $6,888.44, with interest from July 27, 1867, when dividends were last paid on said shares of stock."

The defendants demurred to the complaint on the ground:

1. That the court had no jurisdiction of the subject of the action.

2. That there was a defect of parties plaintiff.

3. That there was a defect of parties defendant.

4. That several causes of action were improperly united.

5. That the complaint did not state facts sufficient to constitute a, cause of action.

The defendants had already interposed demurrers to the original complaint, which were sustained by the General Term, its decison being reported in 66 Barb., 403.

The bank having then been joined as a party plaintiff, a hearing was had, before a referee, who allowed an amendment to the complaint, alleging that the defendant's testator, Benjamin, was a director as well as the vice-president of the bank, and also allowed the defendants to demur to the complaint as so amended.

The plaintiffs moved to strike out the demurrer interposed by the defendants, which motion was denied at the Special Term.

On an appeal taken by the plaintiffs, this order was reversed by the General Term (13 Hun, 47), but affirmed by the Court of Appeals. (75 N. Y., 122.)

The demurrer was then argued and overruled at the Special Term.

*H. Boardman Smith*, for the appellants.

*George B. Bradley*, for the respondents.

LEARNED, P. J. :

This is an action by the First National Bank of Elmira, and by Smith, a stockholder therein, against one of the directors, and against the executors of a deceased director. The complaint avers that Van Campen, the president of the bank, in violation of his duty, lent money of the bank without security, and borrowed, took, and appropriated money to his own use; and did other acts of misconduct, by which the bank sustained great losses. It avers that the said director and the said deceased director knew of these acts of the president; might have prevented them; negligently permitted and allowed him to do them; aided, countenanced, and assisted him in them; concealed the facts from the plaintiff, Smith, and other stockholders; and allowed, permitted, and assisted said president so to draw, loan, use, and waste the funds and property

of the bank, whereby the bank sustained damage to the amount of $135,000, and the plaintiff, Smith, to the amount of some $7,000. The complaint demands judgment that the defendants be required to pay the damages, or so much as the damages of the several shareholders may amount to, who may come in and contribute, &c.

The defendants demur.

They insist that Van Campen should be a party defendant, and cite *Sherman* v. *Parish* (53 N. Y., 483.) But that case is not exactly like the present. That arose between a *cestui que trust* and a trustee. And it is plain that the relation between the stockholders of a corporation and the directors is not precisely that of *cestuis que trust* and trustees. The directors are not the legal owners of the property of the corporation. And the stockholders are legal owners of their respective shares of stock. To an action by a stockholder against a director for mismanagement and the like, the corporation must be a party. (*Greaves* v. *Gouge*, 69 N. Y., 154.) If the directors were the immediate trustees of the stockholders, this could not be necessary.

In another respect *Sherman* v. *Parish* is not like the present case. The acts of the trustee who was sued, were "innocent in themselves and in the orderly course of the matter." The present demurrer admits that the two directors countenanced, allowed, permitted and assisted the president, Van Campen, to use and waste the funds. To do that was not innocent, or in the orderly course of the matter. Furthermore, the court held that, in that case, the trustee sued was not, on the facts, liable at all for the acts of his co-trustee. Whether a trustee who assists another to waste the trust property, when made to answer, can have recompense from the trustee whose wrongful act he has assisted is not decided in that case.

Very much of the argument on the part of the defendant rests on the assumption that the directors are trustees, and the stockholders *cestuis que trust*. Thus the defendants urge that Van Campen, as director, was trustee, and as stockholder was *cestui que trust;* and that a *cestui que trust* who has participated in the breach of trust must be made a party defendant. Now, while we often speak of the officers of a corporation as having *trusts* to dis-

·charge, we must remember that this phrase does not mean that they are trustees, in the accurate sense of holding a legal title to property of which another is the beneficiary. The officers are the agents of the corporation. (*Smith* v. *Rathbun*, 66 Barb., at 409.)

They insist further that Van Campen must be a party, because, as a stockholder, the recovery would be for his benefit, and hence he would retain what he had taken, and, besides, would recover, as a stockholder, his ratable proportion from the defendants. We need not examine here what amount might be recovered in this action from these defendants. But whatever that amount might be, it is plain that, as long as Van Campen should remain indebted to the bank, he could not share in the recovery without paying what he owed. And to illustrate the incorrectness of the argument, suppose that two stockholders severally owed a bank on their notes, and one of them was insolvent. If the bank sued the solvent debtor, it would not lie with him to insist that the other debtor ought to be a party, on the ground that, if not, he would have the benefit of the recovery, while himself a debtor. The question here is whether the defendants have, by their acts, so injured the corporation that they are liable to it for the injury sustained.

The defendants insist that the other directors should be made parties defendant. To this it may be said that the pleadings do not show that there are other directors. Admitting that the National Bank act requires five, it does not follow that there was that number. And, again, the other directors may not have aided or countenanced the acts of Van Campen.

The most serious question, however, as it seems to us, arises on the matter of parties plaintiff. The complaint, as amended, alleges that the action was commenced originally by Smith, as sole plaintiff, and that the bank has since been ordered and allowed by the court to be joined as a party plaintiff, and is so joined by the amended complaint.

Now the action could not be maintained by Smith as sole plaintiff, because the right of a stockholder to sue in such cases depends upon the refusal of the corporation to sue. The right of action is primarily in the corporation, and it is only when the corporation refuses to sue, and for that reason only, that the stockholder him-

self can bring an action. (*Greaves* v. *Gouge, ut supra.*) And it is said there that the refusal of the corporation to sue is an essential element of the cause of action, and the complaint is defective and insufficient without it. It therefore follows that when the action was commenced there was not merely a defect of parties in the non-joinder of the corporation, but there was a defect as to the cause of action in the absence of a request to the corporation to sue, and its refusal. That is to say, Smith had not merely neglected to join all necessary parties (in omitting the bank), but he had not put himself in a position to have a right of action. In such a case the court cannot help him by joining to one who has not a right of action another plaintiff who has. This is but common sense, and is established in *Davis* v. *Mayor* (14 N. Y., 506). The defendant urges, therefore, that the demurrer should be sustained as to the plaintiff Smith. It may be argued, however, that, after all, the right of action in favor of a stockholder and that in favor of the corporation are not so distinct that the principle of the last case should apply. But we do not think it necessary to pass upon that question, because it seems to us that the validity of the order is not put in issue by the demurrer. If we admit (for the sake of the argument, and on the authority of the case last cited) that the court would have had no right, against the defendant's objection, to add the bank as plaintiff, still the difficulty is that the demurrer admits that this has been done. For anything that we know the order was made by consent, or it may have been appealed from and affirmed by the Court of Appeals. For the decision in *Davis* v. *Mayor* is twenty years old. And therefore we do not think that on the demurrer we can inquire as to the validity of the order for adding the bank as plaintiff. It must stand as a valid act. And we must, on the consideration of the demurrer, treat the parties plaintiff substantially as if the action had been commenced by both.

The defendants insist that the complaint is demurrable as to the bank because it is filed in behalf of *cestuis que trust*, who have concurred in the breach of trust. If that argument is sound, a corporation has no right to recover against any officer for fraud or embezzlement, if that officer is a stockholder; for the reason that

.as a stockholder he is a *cestui que trust*, and therefore has concurred, in his own wrong-doing. We do not think there is much force in this argument. It could hardly be put forward, except, under the misapplication of the terms trustees and *cestuis que trust*, above noticed. Neither the corporation nor the directors hold the exact character of trustees, nor the stockholders the exact character of ·*cestuis que trust*.

The misjoinder of parties plaintiff was not a ground of demurrer when the issue was framed. (*People* v. *Crooks*, 53 N. Y., 648.) So that, if a cause of action is shown, the demurrer cannot be sus-tained, though Smith be an unnecessary party.

The defendants insist that two causes of action are improperly joined; the one for negligence and the other for malfeasance, and they cite the case of *Wiles* v. *Suydam* (64 N. Y., 173). The court, in that case, commenting on the language of section 167 of the Code, says that it is impossible to lay down a general rule which will serve as an accurate guide for future cases. In the present case the alleged liability of the defendants arises upon what they did, or failed to do, in respect to Van Campen's wrongful acts, in misusing the property of the bank. Now it is plain, on a moment's thought, that if Van Campen did thus misuse the prop-erty of the bank, it would be almost impossible to draw a distinct line between acts of the defendants which would be only permit-ting, and those which would be aiding, his wrong-doing. One who permits, when he can prevent, and ought to prevent, assists. In the case of *Wiles* v. *Suydam*, there were two entirely distinct acts, charged as grounds of recovery; one a· neglect to file a certifi-cate that the stock had been paid in; the other a neglect (which could only be predicated of a trustee) to file the annual report. But a culpable neglect to prevent a thief from taking property left in one's charge, is an assistance to the theft.

The question in this case must be, whether there is anything alleged in the complaint which, if proved on a trial, would authorize any recovery, to any amount, against the defendants. After a consideration of the very extended argument of the defendants, we think that there is; and therefore that the judgment should be af-firmed, with costs, with leave to withdraw demurrer and answer

over, on payment of costs in twenty days. But in coming to this conclusion we do not pass on the question whether the bank has been properly made a party plaintiff.

Present—LEARNED, P. J., BOCKES and FOLLETT, JJ.

Judgment affirmed, with costs, with leave to withdraw demurrer and answer over on payment of costs in twenty days.