## JAMES TANKERSLEY V. THE STATE.

*No. 165.   Decided March 22.*

31   595
36   133

1. **Aggravated Assault and Battery — Motion to Postpone for Absent Witness to Prove Threats.**—On the trial for aggravated assault and battery, before announcement of ready was made by the parties, defendant moved the postponement of the trial until he could procure the attendance of an absent witness, by whom he expected to prove threats of personal violence toward him, made by the alleged assaulted party, which was refused. *Held*, in view of the testimony adduced, which clearly presented the issue of self-defense, and leaves it doubtful who began the difficulty, that the absent testimony was of the most material character, and makes it apparent that the postponement should have been granted.

2. **Self-Defense — Importance of Threats where Evidence is Doubtful as to Who began Difficulty.**—When the issue is self-defense, and the evidence leaves it doubtful as to who began the difficulty, threats may become evidence of a most material character, because the fact that such threats had been made would tend to show an intent to execute them probable, if the opportunity was offered, and the more ready belief of the accused would be justified to the precise extent of this probability.

APPEAL from the County Court of Eastland.   Tried below before Hon. W. G. DAVENPORT, County Judge.

Appellant was tried upon an information for aggravated assault and battery upon one W. C. Benton, committed by him with a hoe, a deadly weapon.

At the trial he was convicted of simple assault, and his punishment affixed at a fine of $5.

The evidence shows, that the parties had had a previous difficulty or misunderstanding a month or so before with regard to a stray mule.   At the time of the difficulty out of which this prosecution originated they were hoeing corn in a neighbor's field, and met, and after some few words passed. between them, according to Benton's, the injured party's, testimony, the defendant struck him several blows with his hoe, inflicting serious bodily injuries upon him.   On the other hand, the defendant testified in the case, that Benton, the alleged injured party, made an assault on him with his hoe, and that he inflicted the injuries upon him in resisting his attack and in defense of his own person against such attack.   Defendant's testimony was corroborated by the testimony of his two sons.   Thus it appears that the testimony is directly conflicting as to who commenced the difficulty.

Before going into the trial, defendant asked the court for a postponement of the trial, that he might secure the attendance of one Howry, an absent witness, by whom he expected to prove threats of serious personal violence made by Benton, the alleged injured party, against him.

*J. H. Calhoun* and *J. T. Hammons*, for appellant, filed an able brief in the case.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, Judge.—Appellant having been charged by information with the offense of aggravated assault and battery, was upon his trial convicted of simple assault and battery.

When the case was called defendant made application for a postponement of the trial for the testimony of an absent witness, by whom he expected to prove threats of personal violence made against him by Benton, the alleged assaulted party.

The evidence adduced in behalf of the State was to the effect that defendant made a serious assault upon Benton with a hoe. If true, he was certainly guilty of an aggravated assault. The testimony of the defendant, if true, clearly sustained his theory of self-defense. The jury convicted him of simple assault.

Threats made by an injured party, accompanied by his acts showing an intent to execute same, will justify necessary resistance by the party threatened. This resistance, however, is measured by such force as is or may be necessary to prevent the threatened injury.

Where the issue is of self-defense, and the testimony leaves it doubtful as to who began the difficulty, threats of the alleged injured party, made against the accused, is legitimate evidence, and may become of a most material character in assisting the jury to arrive at a correct conclusion as to who in fact did begin the difficulty, "because the fact that such threats had been made would tend to show an attempt to execute them probable if the opportunity was offered," "and the more ready belief of the accused would be justified to the precise extent of this probability." Stokes v. The People, 53 N. Y., 492; Keener v. The State, 18 Ga., 194; Oritchett v. The State, 22 Ala., 39; Campbell v. The State, 16 Ill., 17; Cornelius v. The Commonwealth, 15 B. Mon., 539.

It would be no answer to this position that the accused could or might take advantage of the evidence of threats the more readily to execute the alleged assault. If this be true, it would not excuse him, or even tend to do so, but on the contrary would constitute an aggravating circumstance. It is a question of fact which the jury should be permitted to decide.

The court should have granted the postponement, and in failing to do so committed error, for which the judgment should be reversed. The judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*

Judges all present and concurring.