CINEMA CORPORATION OF AMERICA, a Corporation, Respondent, *v.* KONRAD BERCOVICI, Appellant.

First Department, June 24, 1931.

*Jesse A. Levinson* of counsel, for the appellant.

*Oscar M. Bate* of counsel [*Robert L. Loeb* with him on the brief; *MacFarlane & Monroe*, attorneys], for the respondent.

MARTIN, J. The plaintiff in this action for a declaratory judgment seeks to have adjudicated its rights to a literary composition entitled " The Volga Boatman " growing out of a contract between the defendant and plaintiff's assignor, Cecil B. De Mille Pictures Corporation. The complaint alleges that by virtue of the aforesaid contract plaintiff is entitled to the world's talking motion picture rights of " The Volga Boatman;" that the plaintiff has been unable to market these rights as no producer will enter into an agreement with it to produce a talking motion picture of " The Volga Boatman " because the defendant claims to be the owner thereof.

The answer of the defendant alleges that no talking motion picture rights to " The Volga Boatman " were conveyed by virtue of the contract and that one Cecil B. De Mille, who is known in the motion picture industry as an author, director and composer,

who produced the silent motion picture " The Volga Boatman," has asserted ownership to said rights.

The order appealed from denies the defendant's motion for an order under section 192 of the Civil Practice Act, directing that Cecil B. De Mille be added to this action as a party defendant and that a supplemental summons directed to him be issued as provided by section 219 of the Civil Practice Act, and rule 48 of the Rules of Civil Practice. The statute was designed to permit parties in equity actions to bring in all conflicting claimants to the same property for a complete determination by the court of the question of title, in the one proceeding.

Prior to the commencement of this action the plaintiff knew that Cecil B. De Mille claimed the talking motion picture rights to " The Volga Boatman," the same claim now asserted by the defendant Bercovici. The defendant contends that with such knowledge, the plaintiff should have made De Mille a party defendant, and thus have avoided the necessity for this motion.

The plaintiff contends that its rights and those of defendant in the story written by the defendant can be completely determined by a court as a matter of law upon the complaint and the answer. That contention is not only controverted by the appellant, but letters and contracts are produced establishing the fact that the rights involved are claimed not only by the defendant and plaintiff, but by De Mille.

In *Mahr* v. *Norwich Union Fire Ins. Society* (127 N. Y. 452) the court said: " When there are conflicting claimants to the same obligation, each insisting upon it as exclusively its own, all should be made parties before the question of title is determined by a court of equity in favor of either against the one from whom the obligation is due." (See, also, *Sherman* v. *Parish*, 53 N. Y. 483; *Peyser* v. *Wendt*, 87 id. 322.)

This controversy cannot be determined without Cecil B. De Mille being made a party hereto, and the court should have directed that he be joined as a party defendant, so that there may be complete determination of this litigation. (*Matter of MacFarlane*, 45 F. [2d] 992.)

The objection made to such an order is not a sufficient ground for denying the relief asked, especially in view of the fact that the controversy cannot be decided without Cecil B. De Mille as a party to the action.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

FINCH, P. J., MERRELL, McAVOY and SHERMAN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.