[Sac. No. 539.   Department One.—June 16, 1899.]

S. R. JOHNSON, Appellant, v. CHARLES WESLEY REED et al., Defendants. MAX BROOKS, Respondent.

ACTION TO VACATE FORECLOSURE AND DEED—MOTION FOR NEW TRIAL—PRESUMPTION OF PENDENCY.—In an action to vacate a decree of foreclosure, and a deed executed thereunder, and to be allowed to redeem, where the complaint shows that a motion for a new trial was made in the original action, in the absence of any averment to the contrary, it will be presumed that the motion is still pending and undetermined.

ID.—ABANDONMENT OF MOTION BY CODEFENDANT.—An averment that one of the codefendants in the foreclosure suit had changed his attorneys and abandoned the motion, is insufficient to show that the plaintiff here was precluded from prosecuting his own motion, or from appealing from the judgment in the original action.

ID.—INDEPENDENT ACTION—GROUNDS AVAILABLE IN ORIGINAL ACTION.—The plaintiff in an independent action to vacate a judgment rendered in another action cannot avail himself of any grounds which were available to him in the original action, and which he has sought to have reviewed by motion for a new trial therein, and might have had reviewed upon appeal.

ID.—INSUFFICIENT COMPLAINT—PREMATURE FORECLOSURE—FRAUD—
ADJUDICATION.—A complaint in an action to set aside a fore-
closure decree and sale, which averred that one of the defend-
ants to such action had fraudulently induced the premature com-
mencement of the foreclosure suit, that he might obtain title
under the sale, and that the answer therein showed that the
time to commence the action had been extended, and that judg-
ment was rendered for the plaintiff, shows on its face that
the court must have found and adjudged that the action was not
premature, and is insufficient to show any fraud, or any ground
for relief.

APPEAL from a judgment of the Superior Court of Butte
County.   John C. Gray, Judge.

The facts are stated in the opinion of the court.

George H. Maxwell, and R. M. F. Soto, for Appellant.

L. L. Solomons, for Respondent.

HARRISON, J.—It is alleged in the complaint herein that
in an action brought to foreclose a mortgage executed by the
plaintiff to the defendant Brooks, the defendants filed an an-
swer setting up as a defense that the action was prematurely
brought by reason of the fact that the time for the payment of
the note secured by the mortgage had been extended to a date
subsequent to the commencement of the action; that the cause
was tried and judgment rendered in favor of the plaintiff there-
in; that thereafter the plaintiff herein filed and served a notice
of his intention to move for a new trial, and that a bill of ex-
ceptions based upon said notice had been settled, allowed and
filed in said action, and that an affidavit to be used on said mo-
tion had also been filed; that under said judgment the property
described in the mortgage had been sold to the mortgagee and
a deed therefor executed to him; that the proceeds of said sale
being insufficient to satisfy the judgment, a judgment for the
deficiency had been docketed against the plaintiff herein, and
that an execution had been issued upon said deficiency judg-
ment, and certain personal property sold by virtue thereof to
one of the defendants herein.   The complaint further alleges
that prior to the commencement of said action the defendant,
Charles W. Reed, induced the mortgagee to violate his agree-
ment for the extension of payment and to commence the ac-

tion for foreclosure before the said period of extension had expired, and agree with him that the said action should be prosecuted to final judgment and a sale thereunder, and that the property should be thereafter sold and transferred to him, the said Reed; that the mortgaged property was of much greater value than the amount of the mortgage debt; but that it was also agreed between them that upon the sale under the judgment a deficiency should be left, and that an execution should be issued upon said deficiency judgment, and certain personal property of the plaintiff herein sold thereunder; that the said agreement was carried into effect, and that all of the proceedings were had with the fraudulent purpose and design of said Reed to defraud the plaintiff of his interest in the mortgaged property. Plaintiff therefore asks a judgment vacating the judgment of foreclosure and canceling and annulling the deed issued under the sale upon said judgment, and allowing him to redeem the property, and setting aside the sale of the personal property and restoring him to the possession thereof. The defendant Brooks, who appears to be the only person served with the complaint, demurred thereto, and his demurrer having been sustained judgment was entered in his favor, from which the plaintiff has appealed.

1. It is not alleged in the complaint whether the motion for a new trial in the original action has been determined or not. In the absence of any averment upon the subject it must be assumed that the motion is still pending and undetermined. The fact, as averred in the complaint, that one of the defendants therein had changed its attorneys, and that such attorneys had abandoned all the rights of that defendant upon the motion for a new trial, did not preclude the plaintiff herein from prosecuting his own motion therefor or from appealing from the judgment therein. As all the facts upon which the plaintiff claims that the judgment of the court was unauthorized were set up in his answer to the foreclosure suit, it must be assumed that the court found that they were unsustained by the evidence. If such was not the fact, or if the judgment therein was rendered by reason of any error or irregularity in the procedure, such error must be cured through the proceedings for a new trial. If, however, it be the fact that that court has denied his motion for

a new trial, the plaintiff must seek a review of that order by an appeal therefrom. The correctness of a judgment cannot be reviewed in an independent action upon grounds which were available to the litigant in the original action, and upon which he has sought to have it reviewed by a motion therein.

2. As the court by giving judgment for the plaintiff in the foreclosure suit must have found that the action was not prematurely brought, it is evident that the mortgagee in bringing the action after the maturity of the obligation was in the exercise of his legal rights, and that the action of Mr. Reed in inducing him to bring the suit was not with any fraudulent purpose, however much he may have sought to profit thereby. It may be added that the allegations in the complaint fail to establish any fraudulent purpose or conduct on the part of Mr. Reed. No fact is alleged which either by itself or in connection with the other portions of the complaint constitute a sufficient averment of fraud.

The appeal herein is without merit, and the judgment is affirmed.

Garoutte, J., and Van Dyke, J., concurred.