DENIKE v. DENIKE et al.

(Supreme Court, Appellate Division, Second Department. October 3, 1899.)

1. Res Adjudicata—Findings—Verdict.
    It is not the finding of the court or the verdict of the jury rendered in an action that concludes the parties in subsequent litigation, but the judgment entered thereon.

2. Same—Pleadings.
    A decree in a former action, wherein plaintiff and another were co-defendants, could have no effect on their rights inter se, unless they in their answers, or either of them, demanded relief against the other.

3. Defect of Parties—Objection.
    The objection that there is a defect of parties plaintiff should be taken by answer, and, if not so taken, is waived.

4. Nonjoinder of Party Interested—Practice.
    Where, on the trial of a cause, it appears that a person not a party to the action has an interest in the subject-matter, and that a complete determination of the controversy cannot be had without the joinder of such other person, the court should direct her to be brought in as a party, but it is error to require plaintiff to apply to the special term for leave to join such party as defendant.

5. Dismissal for Nonjoinder.
    It is error for the court to render a judgment of dismissal on the merits for failure of plaintiff to join as party defendant a person who, it is shown on the trial, is a necessary party to a complete determination of the controversy.

Appeal from special term.

Action by Mary A. Denike against Abraham Denike and Mary E. Denike. From a judgment in favor of defendants, plaintiff appealed. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

H. J. Morris, for appellant.

Raphael J. Moses, for respondents.

CULLEN, J. The action is for the partition of real property. The complaint alleged that the plaintiff was seised in fee of two undivided thirds of the premises, and the defendant Abraham Denike of the other third. The answer denied that the plaintiff was the owner of two-thirds of the real estate described in the complaint. On the trial the plaintiff proved a record title in the parties to the shares alleged in the complaint. The defendants introduced in evidence a finding in an action brought by Abraham Denike against the plaintiff and one Elizabeth A. Burnham, wherein the court found that Charles W. Denike, through whom the plaintiff traces title, received his conveyance of the premises in trust to convey one-third interest therein to said Abraham Denike and another third interest to Elizabeth A. Burnham. The only parts of the judgment roll in the prior action which appear in the present record are the single finding mentioned and the final judgment in the action. The judgment declared that Abraham Denike was entitled to an undivided third interest in the premises, and directed Mary A. Denike and Charles W. Denike to convey such interest to him. It is entirely silent as to any interest of Elizabeth Burnham in the premises. After the admission in evidence of the judgment roll in the first action, the learned trial judge held that no marketable title could be given on a sale under a decree in this action, unless Elizabeth A. Burnham was made a party thereto. He directed that the plaintiff have 10 days within which to apply to the special term for leave to amend the summons and complaint by making Elizabeth A. Burnham a party defendant, and that in default of such motion within the time limited, or in compliance with the terms, if any, imposed by the special term, the complaint should be dismissed on the merits, with costs. Plaintiff did not move for leave to amend in accordance with the direction given by the trial court, and judgment was entered dismissing the complaint on the merits.

From the meager extracts from the judgment roll in the prior action between the parties, we do not see that it was proved that Elizabeth Burnham had any interest in the premises. It is not the finding of the court or the verdict of the jury rendered in an action that concludes the parties in subsequent litigation, but the judgment entered thereon. The answer of Sarah A. Burnham is not before us. Unless she demanded some relief against her co-defendant (the present plaintiff), the decree in the earlier action could have no effect on the rights of either party against the other. Be this as it may, and assuming that it appeared that the court could not render a final judgment without the presence of Elizabeth Burnham,

the course adopted was erroneous. The defendants did not plead a defect of parties, and hence were precluded from raising the objection that Elizabeth Burnham was a necessary party. Still, if in fact that lady was a necessary party, the proper course was for the court to have directed her to be brought in the action. Section 452, Code Civ. Proc. For this purpose, the court should have made an order at the time amending the summons and complaint as it might deem requisite, and should not have remitted the plaintiff to apply for the amendment at special term as a matter of favor, for the defendants could not be heard to complain of the absence of Mrs. Burnham. Further, the complaint should not have been dismissed on the merits, but without prejudice to a new action. Sherman v. Parish, 53 N. Y. 483.

The judgment appealed from should be reversed, and a new trial granted, with costs to abide the final award of costs. All concur.