[Sac. No. 292.   Department One.—November 21, 1899.]

WILLIAM HOLLENBEAK, Appellant, v. JOHN McCOY et al., Respondents.

INJUNCTION—EXECUTION OF JUDGMENT.—An injunction will not lie to restrain the execution of a judgment upon grounds which were available to the defendant in the original action.

ID.—INSUFFICIENT COMPLAINT—JUDGMENT IN JUSTICE'S COURT—NEGLECT TO APPEAL.—A complaint for an injunction to restrain the enforcement of a judgment in the justice's court, from which it ap-

pears that the grounds therefor were known to the plaintiff within a week after the verdict against him, and that the plaintiff negligently failed to avail himself of the remedy therefor by appeal within the time limited by law, does not state a cause of action for the interference of a court of equity.

ID.—PROMISE OF JUSTICE TO GRANT NEW TRIAL—POSTPONEMENT OF HEARING—DENIAL OF MOTION—INSUFFICIENT EXCUSE.—The reliance of the plaintiff in the injunction suit, as defendant in the justice's court, upon the promise of the justice to grant a new trial, which the plaintiff in the justice's court does not appear to have participated in or known, and the postponement of the hearing of the motion until after the expiration of the time for appeal, and the final denial thereof by the justice, cannot excuse the neglect of the defendant to appeal from the judgment, or entitle him to relief in equity against the judgment.

APPEAL from a judgment of the Superior Court of Shasta County. Edward Sweeny, Judge.

The facts are stated in the opinion of the court.

Clay W. Taylor, J. Chadbourne, and Francis Carr, for Appellant.

F. P. Primm, and James T. Boyd, for Respondents.

HARRISON, J.—The plaintiff was sued by the defendant McCoy in the justice's court of Fall river township, county of Shasta, for having maliciously caused his arrest upon a criminal charge, and at the trial of the action a verdict and judgment thereon was rendered against him. A motion for a new trial in the justice's court was denied, and he then appealed from the judgment to the superior court, where his appeal was dismissed upon the ground that it was not taken within thirty days after the judgment was rendered. The present action was brought by him to procure a decree enjoining the enforcement of this judgment, and directing it to be canceled of record. In the title of the action he has named as defendants, in addition to the plaintiff in the original suit, "F. A. Moers, justice of the peace," and "C. W. Levens, constable"; but there are no allegations in the complaint with reference to either of these last defendants, nor is it alleged that Moers was the justice before whom the action was tried. The grounds upon which he seeks the relief are, in substance, that certain persons were

improperly admitted as jurors to try the cause, and that their verdict was arrived at by chance and in disregard of the evidence and the law applicable thereto. It is also alleged in the complaint that after the entry of judgment "the justice of the peace holding said court voluntarily informed him" that the verdict of the jury was against the law and evidence, and that, if he should move for a new trial of the action, he would grant the motion; and that, relying upon such information, he made such motion, and that the hearing thereof was set by the justice for a day beyond the time allowed by law for appeal from the judgment to the superior court, and was then denied; and that thereafter he took an appeal, which was dismissed upon the ground that it was not taken within the time allowed by law. To this complaint the defendants filed a general demurrer, which was sustained by the court, and from the judgment entered thereon the plaintiff has appealed.

The complaint fails to show any ground for the interference of a court of equity to restrain the enforcement of the judgment rendered in the justice's court. It appears from the complaint that the plaintiff was informed of all the grounds which he urges in support of his action within a week after the verdict was given by the jury, and he then had a complete remedy against all the errors committed at the trial by an appeal to the superior court. His failure to take such appeal until more than thirty days after the rendition of the judgment was his own negligence, and cannot be invoked as a ground for the interference of equity. (*Quinn v. Wetherbee*, 41 Cal. 247; *Daly v. Pennie*, 86 Cal. 552; 21 Am. St. Rep. 16.) "The correctness of a judgment cannot be reviewed in an independent action upon grounds which were available to the litigant in the original action." (*Johnson v. Reed*, 125 Cal. 74.) Neither is the plaintiff entitled to relief by reason of his having relied upon the promise of the justice to grant him a new trial. He does not claim that the plaintiff in the action in that court was a party to this promise, or knew that it had been made. He was, moreover, bound to know that the time for an appeal from the judgment was not prolonged by any proceedings before the justice's court.

The judgment is affirmed.

Garoutte, J., and Van Dyke, J., concurred.