(September 5, 1905.)

## STETHEM v. SKINNER.
[82 Pac. 451.]

MANDAMUS—PARTIES IN INTEREST—VARIANCE BETWEEN FINDINGS AND DECREE.

    1. In an action to procure a peremptory writ of mandate against a water-master, commanding him to distribute waters from a different stream than that named in the decree under which he is making distribution, all parties to be affected thereby should be made parties to th action.

    2. Where a water decree is clear upon its face as to the stream from which diversion and distribution shall be made, a water-master will not be required to look beyond the decree and examine the findings for directions or authority.

(Syllabus by the court.)

APPEAL from the District Court in and for Lemhi County. Honorable J. M. Stevens, Judge.

Petition for a writ of mandate against the water-master of Jessie creek district, Lemhi county; defendant demurred to the complaint and demurrer was sustained, and judgment of

dismissal was thereupon entered. Plaintiffs appealed. Affirmed.

R. P. Quarles and Gus B. Quarles, for Appellants.

By the decree the parties were awarded certain rights to the use of the waters in and to Jessie creek (all of which is one stream for general purposes), to be measured at the heads of their ditches. Neither of them could afterward change the location of the heads of their ditches or point of diversion to the injury of the other. (Kinney on Irrigation, secs. 247, 248, and authorities cited.) The right-hand fork of Jessie creek is a different stream from the left-hand fork as to parties diverting waters from said forks above the junction of the two forks. (*Raymond v. Winsette,* 12 Mont. 551, 33 Am. St. Rep. 604, 31 Pac. 537; *Creighton v. Kaweah etc. Co.,* 67 Cal. 221, 7 Pac. 658.) We have a right to go to the record, to the entire judgment-roll in the case, to ascertain what facts were determined by the decree. The petition makes the decree and findings a part of it, and the law, in the absence of a showing to the contrary, presumes that the findings are supported by the pleadings. The findings are the act of the court, show the determinations of disputed facts by the court, and control the judgment which must be interpreted by them. (Spelling on New Trial, sec. 591.) This court has decided that a judgment is conclusive of all questions involved in the issues presented by the pleadings. (*Elliott v. Porter,* 6 Idaho, 684, 59 Pac. 360; *Marsh v. Pier,* 4 Rawle, 273, 26 Am. Dec. 131; *Campbell v. Rankin,* 99 U. S. 261, 25 L. ed. 435; *Steam Packet Co. v. Sickles,* 24 How. 333, 16 L. ed. 650; *Cromwell v. Sac County,* 94 U. S. 351, 24 L. ed. 195; *Davis v. Brown,* 94 U. S. 423, 24 L. ed. 204.) The findings or verdict are the basis of the judgment, and the judgment must be construed by the light of the findings. (*Treat v. Laforge,* 15 Cal. 41; *Armel v. Layton,* 29 Kan. 576; *Kelley v. Davis,* 37 Miss. 76; *Burnet; v. Whitesides,* 15 Cal. 35.) The judgment becomes *res adjudicata* as to all facts found by the findings or verdict. (*Town of Fulton v. Pomeroy,* 111 Wis. 663, 87 N. W. 831; *Kansas City*

*etc. R. Co. v. Phillibert,* 25 Kan. 582.)    The rule is that judgments are final and conclusive between the parties when rendered on a verdict on the merits, not only as to the facts actually litigated and decided, but they are equally conclusive upon all facts which were necessarily involved in the issues.    (*Davidson v. Shipman,* 6 Ala. 27; *Wood v. Jackson,* 8 Wend. 9, 22 Am. Dec. 603; *Chamberlain v. Gaillard,* 26 Ala. 504.)    The findings or opinion of the judge who tried the case show the facts litigated and determined by the judgment.    (*Eastman v. Cooper,* 15 Pick. 276, 26 Am. Dec. 600; *Duren v. Kee,* 41 S. C. 171, 19 S. E. 492; *Hood v. Hood,* 110 Mass. 463.)

J. K. Padgham, F. J. Cowen and H. G. Redwine, for Respondent.

The findings of the court amount to nothing more than an order for judgment, and are not in themselves the judgment of the court.    (*Andrews v. Welch,* 47 Wis. 134, 2 N. W. 98.) The reasons given by the judge in his findings are no part of the judgment.    The point decided is the thing fixed by the judgment.    (*Burke v. La Forge* (on rehearing), 12 Cal. 403; *Butt v. Herndon,* 36 Kan. 370, 13 Pac. 580; *Davidson v. Carroll,* 23 La. Ann. 108.)    While it is the general duty of the court trying a case to find upon all the issuable facts, yet findings which are not necessarily included in and become a part of the judgment are not conclusive in other actions. (Black on Judgments, sec. 687; *Mitchell v. Insley,* 33 Kan. 654, 7 Pac. 201.)    It is not the finding of the court or the verdict of the jury rendered in an action that concludes the parties in subsequent litigation, but the judgment entered thereon.    (*Denike v. Denike,* 44 N. Y. App. Div. 621, 60 N. Y. Supp. 110; affirmed, 167 N. Y. 585, 60 N. E. 1110; *Lance v. Shaughnessy,* 86 Hun, 411, 33 N. Y. Supp. 515; affirmed, 153 N. Y. 653, 47 N. E. 1108; *Springer v. Bien,* 128 N. Y. 99, 27 N. E. 1076.)    A thing contained in the finding or verdict, but not included in or confirmed by the judgment, cannot be considered as an adjudication, or used as evidence, unless some other ground can be found for its use then merely

that it is contained in ·uch finding or verdict. (*Auld v. Smith,* 23 Kan. 65; *McCandliss v. Kelsey,* 16 Kan. 557; *Brenner v. Bigelow,* 8 Kan. 496.) If the decree in the case of *Andrews v. Martin* was incorrectly or erroneously entered, it cannot be now reviewed in this independent *mandamus* proceeding. (*Hollenbeck v. McCoy,* 127 Cal. 21, 59 Pac. 201; *Johnson v. Read,* 125 Cal. 74, 57 Pac. 680; *Daly v. Pennie,* C Cal. 552, 21 Am. St. Rep. 61, 25 Pac. 67.) The authorities hold without variation that it is only in cases where judgments or decrees are ambiguous and uncertain that the courts are justified in going to the pleadings and other proceedings to ascertain their true meaning. Is the decree in the case of *Andrews v. Martin* ambiguous or uncertain? Counsel for appellants in their brief, at page 6, say that it might be said to be ambiguous in the particular points where the diversion of waters were made by the parties in interest. But because the decree is silent upon that question, does that make it ambiguous or uncertain? Because of that is it capable of a double meaning, or of doubtful construction, which would bring it within the definition of ambiguous? The decree is silent in that regard with good reasons, for the law permits a man to change the point of diversion of his water right. Besides appellants have not alleged that any appropriator has changed his point of diversion since the rendition of the decree. Here is an attempt to affect and seriously impair the rights, the property rights, of Andrews, Manful and Long, without any chance on their part to be heard. They are not to be given a day in court. They should have been made parties. (*Wright v. Gallatin County,* 6 Mont. 29, 9 Pac. 543.) *Mandamus* does not lie where there is a plain speedy and adequate remedy at law, or when there is any other adequate remedy at law. (*Habershaw v. Sears,* 11 Or. 431, 50 Am. Rep. 481, 5 Pac. 208; *Wilterding v. Green,* 4 Idaho, 786, 45 Pac. 134.)

AILSHIE, J.—This action was commenced in the district court for the purpose of obtaining a peremptory writ of mandate against the defendant, Martin B. Skinner, as water-

master of the Jessie creek district in Lamhi county. It is
alleged by the bill or complaint that the defendant, as such
water-master, has distributed to E. T. and W. S. Andrews,
John Long and Elmer Manful certain waters out of the
"left-hand fork" of Jessie creek, while in fact the distribu-
tion should be made to them out of the right-hand fork of
that stream. It is alleged that in the year 1893, in an action
then prosecuted in the district court in and for Lemhi county,
wherein E. T. and W. S. Andrews were plaintiffs and John
Martin et al. were defendants, a decree was duly and regu-
larly entered adjudging and decreeing the respective rights
and priorities of the various parties to that action in and to
the waters of Jessie creek. It is claimed by the appellants in
this case that the defendant water-master is not distributing
the waters of that stream as directed by the decree in *Andrews
v. Martin et al.* The plaintiffs have attached to their com-
plaint a copy of the findings of fact and conclusions of law,
and also of the judgment as entered in 1893 in the case of
*Andrews v. Martin et al.* The only question urged by the
appellant is that the water-master distributes the amount
of water to which Andrews, Long and Manful are entitled
out of the "left-hand fork" of Jessie creek instead of from
the "right-hand fork," from which appellants contend the
distribution should be made. In *Andrews v. Martin et al.*
the court found that the diversions and appropriations made
by Andrews, Long and Manful were from the "right-hand
fork of Jessie creek" in 1867 and 1868; but when we turn
to the conclusions of law, we find that the court concluded
as a matter of law that Andrews was entitled to one hundred
inches of the waters of "Jessie creek," and that Manful was
entitled to seventy-five inches of the flow of "Jessie creek,"
and Long to fifteen inches of the waters of "Jessie creek."
We also find the same language used in the decree, the court
decreeing each the number of inches to which he was entitled
out of the waters of "Jessie creek" without reference to
either the right or left hand fork of the creek. This de-
cree has stood for twelve years without being questioned or
attacked, and now the attack comes in a new action and be-

tween new parties. The respondent contends here that the
judgment is clear and explicit on its face and that he can
only be required to look to the judgment or decree for his
instructions as to the amount of water he shall distribute to
each claimant. He also claims that the water users who are
to be affected by the writ should be made parties to the ac-
tion. It is certainly correct that the court could not properly
enter a judgment directing the water-master to distribute
the waters in any other manner than that expressed upon
the face of the decree without making the parties to be af-
fected thereby parties to the action and bringing them into
the case. It is admitted by the appellants that if the court
in this action is only to look to the decree entered in the case
of *Andrews v. Martin et al.,* that then the judgment in this
case should probably be affirmed. We think that position
is correct, and we are also satisfied that in a case like this
where the decree upon its face is explicit as to the stream
from which the waters are to be distributed, that the water-
master cannot be required to look beyond the decree itself.
The findings of fact, while a part of the judgment-roll under
our statute, is not a part of the judgment. A party dis-
satisfied with a judgment entered by the trial court may
have the same reversed, if not supported by the findings of
fact, or modified, if it goes beyond that authorized by the
findings of fact, or for the purpose of moving for a new
trial, and on appeal may refer to the entire judgment-roll
and may also do likewise where the question of *res adjudi-
cata* arises, but it does not follow that a ministerial officer
such as a water-master can be required to go beyond the plain
provisions of a decree to ascertain whether or not the same
is supported by the findings, or even to determine whether
there be a conflict between the findings and decree. As bear-
ing on this point, see *Weehawken Ferry Co. v. Sisson,* 17 N.
J. Eq. 476; *Crowell v. Sac County,* 94 U. S. 351, 24 L. ed.
195; *Mitchell v. Insley,* 33 Kan. 654, 7 Pac. 201; Black on
Judgments, secs. 609, 687; *Denike v. Denike,* 44 App. Div.
621, 60 N. Y. Supp. 110; *Bank of Emporia v. Brigham,* 61
Kan. 727, 60 Pac. 754; *Auld v. Smith,* 23 Kan. 65; *Hollen-*

*beck v. McCoy,* 127 Cal. 21, 59 Pac. 201; *Lance v. Shaughnessy,* 86 Hun, 411, 33 N. Y. Supp. 515. Indeed, a decree might stand without any findings whatever if no objection be urged against it by any party affected thereby within the time allowed for an appeal. The defendant's demurrer was properly sustained, and the judgment entered thereon must be affirmed. Costs awarded to respondent.

Stockslager, C. J., concurs.

Sullivan, J., concurs in the conclusion that all persons to be affected by the order prayed for are necessary parties.