In re Estate of ALMIRON CULVER, Deceased. MELISSA GOULD, Administratrix, Appellant, v. W. W. MORROW, Treasurer of State, Appellee.

**Collateral inheritance tax:** AFFIRMANCE OF ORDER: CONCLUSIVENESS.
1 An affirmance by the supreme court of an order holding certain money subject to a collateral inheritance tax is effective, although the affirmance may not have been on the merits of the controversy.

**Courts:** JURISDICTION: JUDGMENTS: WHEN CONCLUSIVE. Where the
2 court has jurisdiction of a matter its decision is conclusive, unless appealed from, even though erroneous; but if without jurisdiction its decision is of no effect although correct.

**Same:** COLLATERAL INHERITANCE TAX. Where anciliary administra-
3 tion has been granted in this state, the district court as a court of probate, if not possessing general and original jurisdiction, has power to determine the question of collateral inheritance taxation; and an erroneous determination of the question will not affect its jurisdiction.

**Same:** ERRONEOUS TAXATION: RELIEF IN EQUITY. An independent ac-
4 tion in equity will not lie to cancel an inheritance tax, even though erroneously imposed.

*Appeal from Pottawattamie District Court.*—HON. O. D. WHEELER, Judge.

SATURDAY, APRIL 12, 1913.

SUITS to enjoin the collection of an inheritance tax upon the estate of Almiron Culver, deceased. A demurrer to the petition was sustained, and plaintiff electing to stand on her pleading, judgment was rendered against her for costs, and she appeals.—*Affirmed.*

*W. S. Baird,* for appellant.

*George Cosson,* Attorney-General, and *C. A. Robbins,* Assistant Attorney-General, and *Frank J. Capell,* County Attorney, for appellee.

DEEMER, J.—Two cases, involving the same subject-matter as this case, have heretofore been before us and opinions were filed, which will be found reported in 145 Iowa, 1, and 153 Iowa, 461. Shortly after the filing of the opinion in the last of these cases, the administratrix of the estate of Almiron Gould, deceased, commenced this independent action in equity to have the former judgment of the district court set aside, and to enjoin the defendant Treasurer from enforcing or collecting the said judgments or the inheritance tax upon money on deposit with the State Savings Bank at the time of the death of Almiron Culver. It is claimed that this money on deposit with the bank was not subject to an inheritance tax, and that the judgments of the court. below confirming said tax, and of this court in affirming these judgments, are absolutely void because of want of jurisdiction of the subject-matter.

It will be observed from a reading of the opinions filed in the previous cases that one of the questions involved in each and decided by the trial court was the liability of this money on deposit to a collateral inheritance tax, and the result of the last case was an affirmance of the order of the district court holding that it was so liable, although the affirmance was not upon the merits. The effect of the order, however, was the same as if it had been upon the merits; for the order and judgment of the district court were affirmed. The judgment in the first reported case was reversed, because the trial court had refused to hold certain bank stock subject to the inheritance tax, and the appeal there was by the Treasurer, so that the validity of the tax upon the money on deposit in the bank was not considered, although the trial court had found it was subject to the tax.

1. COLLATERAL INHERITANCE TAX: affirmance of order: conclusiveness.

In the last reported case the trial court found the money on deposit was subject to the tax, and the attempted appeal was to secure a reversal of that order.   It did not succeed, and the appellant in that case then brought this independent action, claiming, in effect, that the former orders of both the trial court and of this court are void and of no effect, because neither had any jurisdiction of the subject-matter, to wit, money on deposit in a bank of this state belonging to a deceased nonresident depositor.

Whether or not a court has jurisdiction of an action is often a troublesome question, and much confusion of thought is found in the discussion of this matter of jurisdiction. There is a manifest distinction between a right to decide and a right decision.   If a court has no right to decide at all, the mere fact that it does do so adds nothing to the effect of the finding.   On the other hand, if it has a right to decide, but errs in its decision, that decision is final and binding, unless appealed from, and conclusive, if affirmed upon appeal, even though each and all of the decisions be erroneous.

2. Courts: jurisdiction: judgments: when conclusive.

Jurisdiction has been said to be the power to hear and determine the subject-matter in controversy between parties to a suit.   Of the general subject of the liability of the estate of Almiron Culver to an inheritance tax, the district court of Pottawattamie county had unquestioned jurisdiction.   Melissa Gould was ancillary administratrix of that estate, and the district court, as a court of probate, if not a court of general and original jurisdiction, had the right to determine what part of the estate left by deceased, if any, was subject to the collateral inheritance tax.

3. Same: collateral inheritance tax.

If it did not have this power, it is well to inquire: In what court was it vested?   Pehaps the matter might have been presented in the foreign court appointing the domiciliary administrator; but, having ancillary administration in this state, shares of stock in a local bank, and money actually on

deposit therein, there can be no doubt whatever of the power and authority of the district court of this state, where such administration is pending, to pass upon the question as to the liability of the estate to a collateral inheritance tax.

Having the power to decide, it has the right to decide erroneously, without depriving itself of jurisdiction; and the final judgment is valid and binding, whether right or wrong. Indeed, we may say, as we did in the last opinion, to which reference has been made, that we think the decision as to money on deposit being subject to the tax was erroneous; but this fact does not deprive the court of its right to decide. If the decision had been in favor of the administratrix, appellant in this case, surely her counsel would not be here admitting or contending that such decision was of no effect, because the court had no jurisdiction of the matter. The correctness of the decision is not the test whereby to determine the jurisdiction; the fundamental question here is: Had the court a right to make any decision in the case, the right to decide at all? If it had that right, the judgment is binding, whether right or wrong. Here the district court confessedly had jurisdiction of the parties and of the subject matter, to wit, the liability of the estate, or any part of it, to a collateral inheritance tax. These propositions are so fundamental that a full citation of authorities in their support is unnecessary. See, however, *Darrow v. Darrow,* 43 Iowa, 411; *Fulliam v. Drake,* 105 Iowa, 615; *Trescott v. Barnes,* 51 Iowa, 409.

The most that can be said here is that the assessment, which was confirmed by the judgment of the district court, which judgment was affirmed by this court, was erroneous; but none of the orders or judgments were void. An independent action in equity to cancel such a tax or judgment will not lie. *Thornily v. Prentice,* 121 Iowa, 89.

4. SAME: erroneous taxation: relief in equity.

The ruling was correct, and the judgment must be, and it is, *Affirmed.*