STATE EX REL. GIBSON, RELATOR, *v.* STEWART ET AL., RESPONDENTS.

(No. 3,623.)

(Submitted February 16, 1915.   Decided March 15, 1915.)

[147 Pac. 276.]

*Mandamus—State Lands—Leases—Sales—Discretion — Parties.*

State Lands—Leases—Sales—Discretion—Mandamus.
   1.   The question whether state lands lying within three miles of the limits of a city or town shall be leased or sold, being one addressed to the sound discretion of the state board of land commissioners, *mandamus* does not lie to compel such board to entertain an application to lease.

   [As to *mandamus* against public officers, see note in 98 Am. St. Rep. 863.]

Same—Mandamus—Indispensable Parties.
   2.   Where a tract of state land had been sold and a certificate of sale issued, the purchaser was an indispensable party to a proceeding in *mandamus* to compel the state board of land commissioners to cancel such certificate and entertain an application to lease the land.

   [As to who are necessary parties to proceedings in *mandamus*, see note in 105 Am. St. Rep. 122.]

Original application for writ of mandate, by the State, on the relation of Paris Gibson, against Samuel V. Stewart and others,

constituting the State Board of Land Commissioners, to compel the cancellation of a certificate of sale and consider relator's petition to lease the land covered by it.    Dismissed.

*Messrs. Cooper, Stephenson & Hoover,* for Relator, submitted a brief.

*Mr. D. M. Kelly,* Attorney General, *Mr. J. H. Alvord,* Assistant Attorney General, and *Mr. Wm. T. Pigott,* for Respondents, submitted a brief; *Mr. Alvord* and *Mr. Pigott* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Pursuant to the grant contained in the Enabling Act, the state of Montana became the owner of the west one-half of the northwest one-fourth of section 23, township 20 north, range 3 east, in Cascade county. On September 20, 1912, this land was sold in one piece or parcel by the state board of land commissioners to Wm. Beebee for $18 per acre, and a certificate of purchase issued to him. The land lies less than three miles from the city limits of the city of Great Falls. On October 28, 1914, this relator applied to the board to lease the same piece of land, but his application was rejected, for the reason that the land had been sold. This proceeding was thereupon commenced to compel the board to cancel the Beebee certificate and consider relator's petition to lease. To the affidavit and alternative writ a motion to quash was interposed, and the matter is before us for determination.

Relator grounds his right to relief upon the contention that the sale to Beebee was absolutely void. By section 1 of Article XVII of the state Constitution, state lands are divided into four classes. Class 4 comprises "lands within the limits of any town or city or within three miles of such limits." Section 2 of the same Article provides for the sale or lease of lands of the first or third class, for the sale of lands of the second class or the timber

thereon, and then concludes: ''The land of the fourth class shall be sold in alternate lots of not more than five acres each, and not more than one-half of any one tract of such lands shall be sold prior to the year one thousand nine hundred and ten (1910).'' It is insisted that the sale of this land in a single tract, comprising eighty acres and belonging to the fourth class, was in direct violation of this constitutional provision, and therefore void. Whether this be so or not, there are at least two insuperable barriers to relator obtaining the relief he seeks by this proceeding:

1. While lands of the first and third class may be sold or leased, the board is commanded to sell lands of the fourth class, and nothing is said about leasing them. If, however, authority [1] to lease such lands be held to be derived from the Enabling Act, the utmost that can be said is that permission was given the state to lease without requiring it to do so. The language is: ''That all lands herein granted for educational purposes shall be disposed of only at public sale, and at a price not less than ten dollars per acre, the proceeds to constitute a permanent school fund, the interest of which only shall be expended in the support of said schools. But said lands may, under such regulations as the legislatures shall prescribe, be leased for periods of not more than five years, in quantities not exceeding one section to any one person or company,'' *etc.* (Sec. 11.) Apparently the legislature acted upon the assumption that authority to lease *any* state lands had been conferred upon the state; for in 1899 it provided: The state board of land commissioners ''may from time to time direct that the lands belonging to the state be offered for sale and lease at public auction to the highest bidder.'' (Laws 1899, p. 88; Rev. Codes, sec. 2161.) Under this Act no obligation is imposed upon the board to sell or lease state lands, or to sell or lease at all to any particular individual. Not until after state land has been offered for sale, and no bid therefor has been received, is a duty imposed to offer it for lease. (Sec. 2162.) Assuming the authority existed to lease, then the question whether this particular parcel of land should be offered for sale or lease in

any proper manner whatever was referable to the sound discretion of the board; and it it elementary that *mandamus* will not lie to control mere discretion. (*State ex rel. Hickey* v. *District Court,* 23 Mont. 564, 59 Pac. 917; *State ex rel. Dempsey* v. *District Court,* 24 Mont. 566, 63 Pac. 389; *State ex rel. Finlen* v. *District Court,* 26 Mont. 372, 68 Pac. 465; *State ex rel. La France C. Co.* v. *District Court,* 40 Mont. 206, 105 Pac. 721.) *Mandamus* will lie only "to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station." (Rev. Codes, sec. 7214; *State ex rel. Knight* v. *Helena P. & L. Co.,* 22 Mont. 391, 44 L. R. A. 692, 56 Pac. 685.) Since consideration of relator's application to lease is not a duty specially enjoined upon the board, *mandamus* will not lie in this instance to compel such consideration.

2. Beebee is the holder of the legal title to the land. He is [2] not a party to this proceeding; but, if his certificate should be canceled, his interests would be adversely affected. It is elementary that he cannot be deprived of his property without a hearing—without his day in court. He is not only a necessary, but an indispensable, party to any proceeding which seeks the cancellation of his certificate. (*Wright* v. *Commissioners,* 6 Mont. 29, 9 Pac. 543; *Stethem* v. *Skinner,* 11 Idaho, 374, 82 Pac. 451; *State* v. *State Board,* 7 Wyo. 478, 53 Pac. 292; 26 Cyc. 415, 416.)

The motion to quash is sustained, and the proceeding is dismissed.

*Dismissed.*

Mr. Chief Justice Brantly and Mr. Justice Sanner concur.