COCANOUGHER, Respondent, *v.* MONTANA LIFE INSURANCE CO. ET AL., Appellants.

(No. 7,601.)

(Submitted December 9, 1936. Decided December 24, 1936.)

[64 Pac. (2d) 845.]

*Messrs. Duncan & Duncan, Messrs. Gilbert, Gilbert & Mc-Fadden* and *Messrs. Gunn, Rasch, Hall & Gunn,* for Appellants, submitted an original and a reply brief; *Mr. M. M. Duncan* and *Mr. Carl Rasch* argued the cause orally.

*Mr. M. J. Doepker* and *Mr. Frank E. Blair,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This action was brought to recover damages for crop losses occurring in 1931 and 1932, and resulting from the alleged unlawful diversion of water to which plaintiff alleged she had a right. Plaintiff recovered a judgment in the sum of $2,880.50. The appeal is from this judgment.

In the year 1918 the husband of plaintiff was the owner of two separate tracts of real estate. In the year 1868 predecessors of the then owner had constructed a ditch known as the Ryan and Kane ditch, which tapped the Big Hole River, and thereafter water was diverted from this stream and used for the irrigation of the lands now owned by the defendants. About the year 1918 the husband of plaintiff extended this ditch across the lands now owned by the defendants to the tract of land now owned by plaintiff, and proceeded to irrigate both tracts of land through this ditch. Subsequent to that year plaintiff and her husband mortgaged the tract now owned by the defendant insurance company to it. Thereafter this mortgage was foreclosed; the insurance company became the purchaser at judicial sale, and thereafter the owner of this tract. The company then entered into a contract of purchase and sale of this tract of land with the defendants Whitney. The husband conveyed the other tract to the plaintiff.

One of the errors complained of on this appeal is the over- ruling of the defendants' objection to the sufficiency of the complaint. The complaint was in three counts; the third count was waived. The remaining two counts are substantially identical, except that one relates to the damage to crops for the year 1931 and the other for the year 1932. There is some difference in the damage alleged in each cause of action. As we understand the contention, it is that plaintiff's complaint as to both causes of action is insufficient to show that plaintiff was the owner of a right to the use of the water which was alleged to have been invaded by the defendants. Plaintiff alleged the ownership of the lands and also those of the defendants, and that she, together with the defendants, were the owners "as tenants in common of that certain ditch known as the Ryan and Kane ditch, * * * and of the right to use the waters of the said Big Hole river conducted through said ditch." She further alleged that the respective interests of the plaintiff and the defendants in and to the ditch and water right are as follows: "The plaintiff owns a one-third interest therein and thereto, and said defendants own a two-thirds interest therein and thereto," and then alleged that the interest of the defendants Whitney is under and by virtue of the contract of purchase and sale with the defendant life insurance company. It is then alleged that all of the rights of the parties to this action in and to the above-described ditch and water rights were fully adjudicated by the district court of Madison county by its judgment and decree duly given and made on June 16, 1932, and filed for record in the office of the clerk of that court as of the same day, wherein the plaintiff herein was the plaintiff and the defendants herein were the defendants.

It is argued that the allegation that the parties owned the water right as tenants in common is a mere conclusion of law and therefore ineffectual. In view of the fact that plaintiff had already alleged separate ownership of certain lands in herself and other lands in the defendants, clearly there was not

such a unity of possession between the parties as to render the ownership of the right to use the water as that of tenants in common. (*Norman* v. *Corbley,* 32 Mont. 195, 79 Pac. 1059; *Snow* v. *Abalos,* 18 N. M. 681, 140 Pac. 1044; *City of Telluride* v. *Blair,* 33 Colo. 355, 80 Pac. 1051, 108 Am. St. Rep. 101.) The conclusion of the pleader was not supported by the facts alleged.

If the parties to this action had owned the land as tenants in common and the water right was appurtenant to the land, then it might be said that they owned the water right in common. (See *Osnes Live Stock Co.* v. *Warren,* ante, p. 284, 62 Pac. (2d) 206.)

The only reference made to the judgment above mentioned is found in the allegations quoted supra. No attempt is made to plead what was adjudicated by the judgment, nor did plaintiff attempt to allege that by the judgment the rights were adjudicated as elsewhere set forth in the pleadings; hence the allegations with reference to the judgment were wholly ineffectual for the purpose of pleading or showing any right in the plaintiff.

It was alleged, however, that plaintiff owned an undivided one-third interest in the ditch and the water rights used in connection therewith. In the case of *Bennett* v. *Quinlan,* 47 Mont. 247, 131 Pac. 1067, this court considered the sufficiency of a complaint in a water right suit seeking to adjudicate the rights of the parties thereto, and in that form of action it was said that all that was necessary to state a cause of action was for the plaintiff to allege his ownership of the property described, that the defendant claimed an adverse interest, and that the claim of the defendant was without right. We have since approved the rule there announced, in the case of *State ex rel. Delmoe* v. *District Court,* 100 Mont. 131, 46 Pac. (2d) 39.

The complaint, disregarding the allegations which amounted to mere conclusions and were therefore surplusage, still contained facts sufficient to constitute a cause of action as against

a general demurrer, which was the effect of the objection to the admission of testimony.

The defendants by their answers affirmatively alleged that the judgment referred to in plaintiff's complaint was invalid and void in certain particulars which we will presently notice. When, as a part of plaintiff's case, the judgment-roll in the former case was offered in evidence, objection was made to its admission upon the ground that it was void upon its face, that it was not in conformity with or responsive to the issues raised in the pleadings, and not in accordance with the findings of fact; that the findings of fact were not supported by the issues raised in the pleadings, and that the judgment itself was at variance with the findings. The objection was overruled and the judgment-roll was received in evidence. The defendants assign error on its admission and argue the same objections presented in the district court.

The plaintiff in the former case, who is likewise the plaintiff here, by that action sought to secure an adjudication of her water right as against the defendants. She there alleged that in the year 1868 her predecessor in interest, together with the predecessor in interest of the defendants, diverted waters for the purpose of irrigating, from the Big Hole River, the lands now owned by the defendants; that in the year 1918, when the plaintiff and her predecessor in interest took possession of these lands, the ditch had a carrying capacity of 150 inches of water; that during the next three years she and her immediate predecessor in interest enlarged the ditch and cleaned it out, so that it had a carrying capacity of 450 inches and carried the water through this ditch on and over the lands now and then owned by the plaintiff; and that she was entitled to one-half of the water diverted by the ditch, and the defendants to one-half. The court in that case found that plaintiff and her predecessor extended the Ryan and Kane ditch to her lands and thereby created a right of way over the lands owned by the defendants for a ditch of sufficient capacity to carry 150 inches of water. The court further

found that the plaintiff in that suit had need for 150 inches of the water and the defendants for 300 inches, and that prior to the execution of the mortgage to the defendant insurance company the ditch had a carrying capacity of 450 inches. It was also found that at the time, because the ditch had not been kept cleaned and freed from weeds and debris, it had a capacity of only 320 inches. The court found that each of the parties owned their respective separate tracts of land. It is argued that the findings do not conform to the issues made by the pleadings, in that the plaintiff alleged, commencing with 1918, enlargement and extension of the ditch, whereas the court found only that the ditch had been extended and a right of way acquired. It appears from the findings of fact in the case that they were rendered subsequent to a trial at which witnesses were examined and evidence produced.

Counsel for defendants rely upon a statement appearing in the opinion in the case of *Oregon Mortgage Co., Ltd.,* v. *Kunneke,* 76 Mont. 117, 245 Pac. 539, where it is written: "Where inspection of the judgment-roll discloses that * * * the pleadings do not support the judgment or decree entered, such judgment or decree is void." It will be noted that what the court there said was in connection with the construction of a judgment entered by default. They also rely upon the case of *Sloan* v. *Byers,* 37 Mont. 503, 97 Pac. 855. The court there, however, was considering the propriety of a ruling of the court in granting a motion for judgment on the pleadings. Cases from jurisdictions other than our own are urged upon us as being here controlling, but in all of them, with possibly one exception, the courts were either considering default judgments or judgments after trial where it clearly appeared from the record that the court had made a finding upon some subject not actually litigated.

The judgment-roll as offered in evidence contained no bill of exceptions, and hence we, like the trial court, are unable to determine what the scope of the testimony and proof was from which the court made its findings. Where proof is re-

ceived without objection, without regard to the allegations in the pleadings, in such circumstances the pleadings will be regarded as having been amended at the trial, if necessary to sustain the judgment in order to conform to the proof. (*Baker* v. *Union Assurance Assn. of London,* 81 Mont. 281, 298, 264 Pac. 132; *State ex rel. Dansie* v. *Nolan,* 58 Mont. 167, 191 Pac. 150.) What was said by this court in the two cases cited supra, relied upon by the defendants, was appropriate and the statement of a correct rule of law as applied to the cases there under consideration, as the pleadings may never be deemed amended to conform to the proof where a judgment is by default, and could not be deemed amended to conform to the proof where a motion for judgment on the pleadings had been sustained, as in that event there would be no proof.

In the case of *Brennan* v. *Jones,* 101 Mont. 550, 55 Pac. (2d) 697, we said: "It is elementary that for the purpose of determining the operation and effect of a judgment, the entire judgment-roll may be examined. (*Wallace* v. *Goldberg,* 72 Mont. 234, 231 Pac. 56.) In 2 Freeman on Judgments, fifth edition, section 695, it is said: 'The effect of every judgment or decree as an estoppel is ordinarily restricted to such matters as might have been litigated under the pleadings. ⁎ ⁎ ⁎ But as we have already seen, to render a matter *res judicata,* it is not essential that it should have been distinctly and specifically put in issue by the pleadings. It is sufficient that it be shown to have been tried and settled in the former suit. The issues made by the pleadings may be by the action or acquiescence of the parties broadened to include other matters. A judgment is conclusive as to issues made by the course of the litigation and within the subject matter of the action. Though a defense was not raised by formal written pleading, if it was actually litigated and decided, the judgment is conclusive. Thus though matter in justification may not be admissible under the general issue, if it is in fact admitted and adjudicated it become *res judicata.*' " In the absence of any showing, and there was none here, the presumption obtains that the

proceedings in the former case were regular, as the presumption is that a judicial record, when not conclusive, does still correctly determine or set forth the rights of the parties. (Subsec. 17, sec. 10606, Rev. Codes.)

Next it is argued that the conclusions of law found in this judgment-roll do not correctly define the rights of the parties to the action. It is there found that the plaintiff and the defendants are the owners, as tenants in common, of the Ryan and Kane ditch, and that the plaintiff owns a one-third interest in the ditch and the water rights and the defendants a two-thirds interest, unless the ditch is carrying more than 450 inches when the defendants are the owners of the right to all excess over that amount. By the decree it was adjudged "that the rights of the parties herein, plaintiff and defendant, be and the same are settled, fixed and determined in all respects in accordance with the said findings of fact and conclusions of law, and the same are hereby adopted as a part of this judgment and decree and hereby entered accordingly. The court hereby reiterates conclusions of law Nos. 1 to 9, inclusive, as a part of this decree precisely as if the same were set forth *in haec verba* and each and every one thereof are now deemed a part of this paragraph of this judgment and decree." It is, therefore, argued that the decree is not supported by the findings.

From what we have said supra, it appears that the conclusions of law were erroneous, at least to the extent of adjudging that the parties owned the right to use the water as tenants in common, and perhaps in other particulars. Thus the question is presented, May the defendants in this action, where they have by appropriate allegations directly assailed the former judgment, secure a review of and have it declared invalid and ineffectual? We think not.

In 3 Freeman on Judgments, fifth edition, 2531, it is said: "It is clear that courts of equity will not exercise any supervisory authority over the mere mode of proceedings in other tribunals, and hence will never enjoin a judgment on the

ground of any mere irregularity, unless of so serious a character as to prove that the court pronouncing the judgment against which relief is sought was without jurisdiction. As a final judgment or decree cannot be avoided in equity on account of any errors of law entering into it and affecting the merits of the controversy, it could hardly be contended that mere errors in proceedings could have a greater effect. It is therefore conceded that equity will not interfere with a judgment on account of alleged irregularities occurring in the exercise of lawful jurisdiction.'' The rule thus declared has been recognized by many courts even where the attack is directly made and so considered as is illustrated by the following cases: *Johnson* v. *Reed,* 125 Cal. 74, 57 Pac. 680; *Hollenbeak* v. *McCoy,* 127 Cal. 21, 59 Pac. 201; *Welsh* v. *Koch,* 4 Cal. App. 571, 88 Pac. 604; *In re Estate of Culver,* 159 Iowa, 679, 140 N. W. 878; *Publishing House* v. *Heyl,* 61 Kan. 634, 60 Pac. 317.

Whether or not a court has jurisdiction of an action is often a troublesome question, and much confusion of thought is found in the discussion of this subject. There is a manifest distinction between the right to decide and a right decision. In the case wherein judgment was pronounced, the court had the right to decide and, therefore, jurisdiction, but did not render a right decision, which was an error that might be corrected only on motion for new trial or appeal to this court, but no appeal was perfected. The objection to the admission of the judgment-roll in evidence was properly overruled.

Error is also specified upon the action of the court in denying a motion for nonsuit and for directed verdict. What we have already said in connection with the admission of the judgment-roll demonstrates that no error was committed in denying these motions, as the burden of counsel's argument is directed solely to the question of the alleged invalidity of the judgment.

Lastly it is argued that the court was in error in refusing two offered instructions. They are both to the effect

that before plaintiff could recover it was incumbent upon her to prove by a preponderance of all the evidence that during both irrigating seasons the ditch had a capacity of 450 inches and that, if she failed so to prove, the verdict should be for the defendants. The evidence at least tended to prove that the capacity of the ditch during those years was somewhat less than 450 inches. The court did instruct the jury that if they found from a preponderance of the evidence that the defendants prevented the plaintiff from the exercise of her right to the use of 150 inches of water, or any part thereof available conducted through the ditch during the irrigating seasons, and that "resulting proximately therefrom she suffered loss in her growing crops", then the jury was instructed to find for the plaintiff in such sum as they found plaintiff had suffered damage. We think this instruction was proper.

It is the position of defendants that plaintiff having alleged that the ditch had a carrying capacity of 450 inches, it was incumbent upon her to prove that capacity, and having failed to make such proof she could not recover. This view is erroneous. According to the former decree plaintiff had a right to one-third of the water flowing in this ditch. Since defendants prevented her receiving her proportionate share of the waters flowing in the ditch, they must respond in damages.

We find no error in the record, and accordingly, the judgment is affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES MATTHEWS, STEWART and MORRIS concur.

Rehearing denied February 19, 1937.