BRODERICK, RESPONDENT, *v.* STEVENSON CONSOLIDATED OIL CO. ET AL., APPELLANTS.

(No. 6,657.)

(Submitted June 23, 1930. Decided July 7, 1930.)

[290 Pac. 244.]

*Mr. Homer G. Murphy* and *Messrs. Hurd, Hall & McCabe,* for Appellants, submitted a brief; *Mr. George E. Hurd* argued the cause orally.

*Messrs. Harris & Hoyt,* for Respondent, submitted a brief; *Mr. G. G. Harris* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an action to quiet title to certain lands situated in Toole county. The cause was tried to the court without a jury. Judgment was entered for plaintiff, from which defendants appealed.

Under appropriate pleadings, evidence was introduced showing that plaintiff secured a patent to the lands from the United States on January 27, 1916. On June 27, 1922, she leased them to C. L. Emmons for oil and gas exploration, for a period of three years and as much longer as oil or gas was produced. The lease contained provision for forfeiture and privilege of paying a specified sum per acre as delay rental in lieu of drilling operations. The lessee was required to deliver to plaintiff one-eighth of all oil produced and to pay a royalty of one-eighth of all gas produced and sold. On December 29, 1922, plaintiff, for a consideration of about $1,800, executed what is entitled an "Assignment of Royalty" to L. C. Stevenson, trustee, which, so far as important here, reads: "Know all men by these presents: That I, Margaret C. Broderick * * * have and by these presents do grant, bargain, sell, convey, set over and assign and deliver unto L. C. Stevenson, Trustee, of Great Falls, Montana, the following, to-wit: six and one-quarter (6¼%) per centum interest in and to all of the oil, gas and other minerals in and under and that may be produced from the following described lands [here follows description of land as in the complaint] together with the right of ingress and egress at all times for the purpose of mining, drilling and exploring said lands for oil, gas and other minerals, and removing the same therefrom. And said above described lands being now under an oil and gas lease originally executed in favor of C. L. Emmons and now held by The Ohio Oil Company, it is understood and agreed that this sale is made subject to said lease, but covers and includes one-half of all the oil royalty and gas rental or royalty due and to be paid under the terms of said lease. It is agreed and understood that one-half of the money rentals which may be paid to extend the term within which a well may be begun under the terms of said lease is to be paid to the said L. C. Stevenson, Trustee, and in the event that the said above described lease for any reason becomes cancelled or forfeited, then and in that event, the lease interests and all future rentals on said land, for oil, gas and mineral privi-

leges shall be owned jointly by said Margaret C. Broderick and L. C. Stevenson, Trustee, each owning one-half interest respectively in all oil, gas and other minerals in and upon said land, together with the same interest in all future rents.''

On August 31, 1923, the lease by plaintiff to Emmons was assigned by Emmons to The Ohio Oil Company. On May 27, 1924, The Ohio Oil Company, by an instrument recorded July 29, 1924, canceled and annulled the lease and forfeited its rights thereunder. On January 10, 1923, L. C. Stevenson, trustee, assigned his interests under the instrument of December 29, 1922, to the Sunburst Consolidated Royalties Company, and the latter thereafter, in October, 1926, assigned its interests to the defendant Sunburst Oil & Refining Company. On March 3, 1928, the Sunburst Consolidated Royalties Company, acting for and on behalf of the Sunburst Oil & Refining Company, executed an oil and gas lease on the land involved to defendant Stevenson Consolidated Oil Company.

In her reply plaintiff pleaded misrepresentation on the part of the agent of L. C. Stevenson, trustee, in procuring the instrument dated December 29, 1922, but failed to introduce any evidence in support of the allegations. The court found that the instrument dated December 29, 1922, did not operate to assign or convey to Stevenson, trustee, any greater right or interest than six and one-quarter per cent of all oil and gas produced from plaintiff's land. The correctness of the court's finding in this respect is determinative of the merits of the appeal.

At the time the case was decided in the district court, the case of *Krutzfeld* v. *Stevenson*, 86 Mont. 463, 284 Pac. 553, had not yet been decided. On the authority of *Hochsprung* v. *Stevenson*, 82 Mont. 222, 266 Pac. 406, the decision of the trial court was correct. But that decision was expressly overruled in the *Krutzfeld Case*, and the facts here presented bring the case within the rule announced in the *Krutzfeld Case*, and, on the authority of that case, the finding of the trial court was erroneous.

Plaintiff contends that this case is distinguishable from the *Krutzfeld Case* because of the fact that, at the time the instrument of December 29, 1922, was executed, plaintiff had already conveyed the oil and gas in the lease to Emmons. That lease contained this clause: "That said lessors, in consideration of the sum of One Dollar to * * * in hand paid by the lessee, the receipt of which is hereby acknowledged, and of the covenants hereinafter set forth to be kept, paid and performed by the lessee, has leased and let and by these presents do grant, lease and let unto the said lessee, C. L. Emmons, and assigns * * * All the oil and gas in and under the following described tract of land." But this does not operate as a conveyance of the title to the oil and gas in place. (*Hochsprung* v. *Stevenson,* supra.) The lessee is merely given the right to enter upon the land for the purpose of exploring for oil and gas and taking the same, if found, to the extent of his rights under the lease. As stated by Mr. Justice Galen, speaking for the court in *Homestake Exploration Corp.* v. *Schoregge,* 81 Mont. 604, 264 Pac. 388, 392: "The lessee acquires no corporeal interest in the land itself, but rather a privilege *a prendre.* Until the actual discovery of oil, the interest of the lessee in the land is inchoate. Oil remaining in the ground before recovery is a part of the land, and belongs to the owner of the land; but, when recovered, it becomes personal property. Such personalty is thereupon subject to division in accordance with the terms of the contract of lease." This case in this respect is the same as the *Krutzfeld Case,* wherein one of the leases which had been given before the deeds there considered had been executed was in practically the identical form as the lease to Emmons.

Also it is contended by plaintiff that the conclusion in the *Krutzfeld Case* is inapplicable here because the instrument of December 29, 1922, did not contain a warranty of title. As to one of the deeds involved in the *Krutzfeld Case* there was likewise no warranty clause, and that fact did not affect the conclusion.

The assignment of royalty dated December 29, 1922, after the cancellation of the lease to Emmons, operated to vest in L. C. Stevenson, trustee, and his successors in interest, a one-half interest in all oil, gas and other minerals in the lands. The court erred in interpreting the effect of the assignment of royalty, and the judgment in plaintiff's favor cannot stand on the record here presented.

Counsel for plaintiff assert in their brief that, inasmuch as the case was tried when the *Hochsprung Case* constituted the law applicable to the case, if the district court's interpretation of the instrument dated December 29, 1922, is held to be erroneous, the cause should be remanded for a new trial to afford plaintiff an opportunity to make proof of her allegations of misrepresentation in the procurement of the instrument. We think this contention must be sustained. Plaintiff had the right to try her case on the supposition that the rule announced in the *Hochsprung Case* would be adhered to. The opinion in that case was decisive of this case in her favor, and it may reasonably be inferred that plaintiff omitted to introduce evidence of misrepresentation in reliance upon the *Hochsprung Case* as compelling a decision favorable to her on other grounds. Under the circumstances, plaintiff should be afforded an opportunity to make proof of her allegations of misrepresentation.

The judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, MATTHEWS and FORD concur.

Rehearing denied July 29, 1930.