GRASS CREEK OIL & GAS COMPANY, a Corporation, and G. J. JEFFRIES, as Executor of the Last Will and Testament of ELMER HINTON, Deceased, Plaintiffs and Appellants, v. MUSSELSHELL COUNTY, Montana, J. A. FREIBERT, et al., and THE TEXAS COMPANY, a Corporation, Defendants and Respondents.

No. 9338.
Submitted April 9, 1056. Decided January 3, 1957.
Rehearing Denied March 1, 1957.
307 Pac. (2d) 241.

Mr. G. J. Jeffries, Roundup Mr. W. B. Leavitt, Miles City, Mr. H. C. Hall, Great Falls, for appellant.

Mr. W. S. Mather, Roundup, Mr. Ralph J. Anderson, Helena, Mr. J. M. Watts, County Atty., Mr. Thomas M. Ask, County Atty., Roundup, for respondents.

Mr. Jeffries, Mr. Hall, Mr. Anderson and Mr. Ask argued orally.

MR. JUSTICE ANGSTMAN:

This action is one to remove clouds on five and one-half per cent royalty and mineral interest in and under the S½ of the SW¼ and the NE¼ of the SW¼, and to three per cent royalty interest in the W½ of the SE¼ of Section 24, Township 10 North, Range 26 East, in Musselshell County.

In controversy here is Musselshell County's claim to two and one-half per cent royalty and mineral interest in the SW¼ of Section 24 and the claim of each individual defendant to a one per cent royalty interest in all the land above described. Plaintiff's position is that their rights rest upon conveyances from the original owners and their successors, while those of defendants are based on tax deeds to defendant county and conveyances from successors of the county. They contend that the tax deeds are void, and as to the SW¼ of Section 24 there has been judicial determination to that effect.

Defendants contend that it has already been judicially deter-

mined that plaintiffs have no right to the mineral interests here involved.

The court found that the claim of plaintiff Hinton is based in part upon a deed given by the Bankers Farm Mortgage Company to him dated March 28, 1949; that in an action commenced in Musselshell County on August 7, 1947, by Staunton, as executor of the estate of John Whelan, being cause No. 5258, it was adjudicated that defendants in the action had no estate or interest in the SW¼ and the W½ of the SE¼ of Section 24, Township 10 North, Range 26 East; that plaintiffs Grass Creek Oil & Gas Company and Bankers Farm Mortgage Company, among others, were defendants in that action and were duly and regularly served with process therein; that the judgment entered August 7, 1947, has not been reversed, modified or set aside and is therefore valid and binding upon the parties thereto. The judgment roll in cause No. 5258, which was introduced in evidence here, sustains the findings of the court unless it can be said that process was not regularly served on Bankers Farm Mortgage Company or on Grass Creek Oil & Gas Company.

As to the Grass Creek Oil & Gas Company and Bankers Farm Mortgage Company the record shows service of process was had by serving a copy of the complaint and summons upon the secretary of state together with a copy of the order of the clerk of court directing that service be thus made. The secretary of state mailed the copy of the summons, complaint and order to each of such defendants at their principal office as shown by the papers on file in his office. This service was sufficient to obtain jurisdiction to enter judgment against the mortgage company and the Grass Creek Oil & Gas Company.

The judgment in cause No. 5258 not only adjudicated that defendants therein have no right, title or interest in or lien or encumbrance upon the property or any part thereof, but adjudicated in line with the allegations of the complaint that plaintiff John Whelan was then the owner in fee simple of the property free and clear of all claims and demands save and except the royalty claims of Frances Drake O'Neill, J. A. Freibert, C. F.

Maris, and the oil, gas and mineral reservations of record in favor of the County of Musselshell. Hinton was not a party to that action but the Bankers Farm Mortgage Company, under whom he claims an interest in the SW¼ of Section 24, by deed of March 28, 1949, was a party defendant. Musselshell County was not a party to that action.

The court also found that on January 30, 1950, Elmer Hinton commenced action No. 5342 in Musselshell County, and that judgment therein determined that he had no right, title, interest or estate in or to any oil, gas or other minerals lying in or under, or produced or saved from the land here involved, and that plaintiffs, Grass Creek Oil & Gas Company and Musselshell County, were named as defendants therein and duly served with process and that the judgment likewise determined that plaintiff Grass Creek Oil & Gas Company had no right, title, estate or interest in the lands here involved or in the oil, gas or other minerals therein or thereunder. This judgment was affirmed by this court. Hinton v. Staunton, 124 Mont. 534, 228 Pac. (2d) 461. The judgment roll in that case shows likewise that process was served on defendant Grass Creek Oil & Gas Company by service thereof upon the secretary of state.

The judgment in that action holds that the tax deed to the SW¼ of Section 24 was invalid and of no legal effect but that the tax title proceedings as to the W½ of the SE¼ of Section 24 were good and valid in all respects. It held that plaintiff Hinton, who was holding under a contract from John Whelan, is estopped to assert title adverse to the title of the estate of John Whelan; it held specifically that the Staunton quiet title action is valid and binding and *res judicata* against all parties from whom plaintiff claims by virtue of subsequent conveyances; that plaintiff "has no right, title, interest or estate in or to any of the oil, gas or other minerals lying in, under or beneath, or produced or saved from the lands and premises described in his complaint"; and that Musselshell County "is the owner of an undivided two and one-half per cent of all

oil, gas, and other minerals lying in, under and beneath the SW¼ and the W½ of the SE¼ of Section 24.''

In the case at bar the court also found that the Grass Creek Oil & Gas Company commenced action No. 5406 in Musselshell County against Mussellshell County and Elmer Hinton, among others, and that judgment was entered therein by which it was determined that the Grass Creek Company and Elmer Hinton had no interest in or to any of the oil and gas or other minerals in and under the lands here involved; that judgment was entered in January 1950; that an appeal was taken to this court and the judgment was affirmed. Grass Greek Oil & Gas Co. v. Musselshell County, 124 Mont. 594, 228 Pac. (2d) 968. The court in the case at bar concluded that plaintiffs are estopped and barred from asserting the claims to the land which they seek to assert; that each of the defendants, J. A. Freibert, Frances Drake O'Neill and Althea V. Maris own an undivided one per cent interest in the oil and gas saved and marketed from the land, and that Musselshell County is entitled to two and one-half per cent of such oil and gas.

The judgment rendered in cause No. 5258, holding as it did that the Bankers Farm Mortgage Company had no interest in the lands involved, that judgment was also binding and conclusive against Hinton who claims through that company by subsequent conveyance. 50 C.J.S., Judgments, section 787, page 322; 30 A. Jur., Judgments, section 222, page 954.

Plaintiffs contend that the court in the previous cases above referred to was lacking in jurisdiction particularly as to the SW¼ of Section 24 because it found the tax deed void, and it was therefore inconsistent to base rights on the deed.

It is our view that the court had jurisdiction in cause No. 5258, and in the subsequent actions to determine the rights and interests of all parties to the actions. A wrong decision, if such it be, would constitute error within jurisdiction but not a want of jurisdiction. State ex rel. King v. Second Judicial District Court, 24 Mont. 494, 62 Pac. 820. Compare Coca-

nougher v. Montana Life Ins. Co., 103 Mont. 536, 64 Pac. (2d) 845.

Nor is it of importance that in Hinton v. Staunton, 124 Mont. 534, 228 Pac (2d) 461, this court held that the attack there made was a collateral attack. If the judgment in the Staunton action, No. 5258, was void for want of jurisdiction, and a void judgment is always subject to collateral attack, as plaintiffs now contend, that same contention could and should have been made in the Hinton case which resulted in the appeal reported in 124 Mont. 534, 228 Pac. (2d) 461.

Counsel for plaintiffs point out that the individual defendants Freibert, O'Neill and Maris were not parties to any of the previous actions and that as to them none of the questions are *res judicata*. The interest of these three defendants is a one per cent royalty interest to each in and to all the oil and gas saved and marketed from the lands, which royalty interests were obtained by deeds from John Whelan.

In Rist v. Toole County, 117 Mont. 426, 159 Pac. (2d) 340, 342, 162 A.L.R. 406, this court said:

"This court long ago adopted the standard and universal definition of royalty. In Hinerman v. Baldwin, 67 Mont. 417, 215 Pac. 1103, 1108, it said: 'The word has a very well understood and definite meaning in mining and oil operations. As thus used, it means a share of the produce or profit paid to the owner of the property. Webster's Dictionary.' The expression 'a share of the produce or profit paid to the *owner* of the property' is quite different from a share or interest in the property itself. It recognizes that the originator of the royalty is still the owner of the real property to which it relates, and that the assignee's interest is only in the 'produce or profit' therefrom,—namely, in the personal property which the owner is to receive from the granted privilege of producing minerals from his land."

The court then, after referring to Homestake Exploration Corporation v. Schoregge, 81 Mont. 604, 264 Pac. 388, said:

"In that case this court pointed out that the royalty, whether

of the kind known as landowner's royalty or that known as overriding royalty, constituted an interest in the privilege of producing minerals, and in the personal property when and as severed and produced from the land, but not an interest in the minerals in place; in other words, it is a privilege *a prendre* and not a portion of the fee-simple title. To the same effect is Broderick v. Stevenson Consolidated Oil Co., supra [88 Mont. 34, 290 Pac. 244].''

It follows that when Whelan conveyed the royalty interest to each of the individual defendants he retained ownership of the minerals and conveyed only a right to share in the produce or profit therefrom. The deeds expressly covered production under the existing lease and also such leases ''which may at any subsequent time be entered into or executed by Whelan, his heirs, executors, administrators, successors or assigns'' and come squarely within the ruling of the Rist case that the grant of royalty under future leases is ''inconsistent with an intention to convey part of the mineral title itself.''

Here the individual defendants acquired their royalty interest from Whelan in 1943. Whelan's interest in the minerals was adjudicated by the judgments entered in the subsequent actions. Whether defendants were parties to those actions or not, the adjudication that Whelan held the title to the minerals was in effect an adjudication that the royalties which attach to the minerals were valid. The royalty interests could not be defeated without defeating the title to the minerals and this title has already been adjudicated against plaintiffs and in favor of Whelan's estate.

Contention is made that appellants have been denied rights of due process of law under section 27 of Article III of the Constitution of Montana and under the Fifth Amendment to the United States Constitution. They were given an opportunity to be heard and that meets the requirement of due process. Mitchell v. Banking Corp. of Montana, 94 Mont. 183, 22 Pac. (2d) 155. The gas company was a party to all three cases and the Bankers Farm Mortgage Company, through which

Hinton claims, was afforded an opportunity to be heard in case No. 5258. And if the decisions were erroneous, as plaintiffs contend, they still did not deprive them of property without due process of law. American Ry. Express Co. v. Kentucky, 273 U.S. 269, 47 S. Ct. 353, 71 L. Ed. 639.

The judgment is affirmed.

MR. JUSTICE BOTTOMLY: concurs.

MR. CHIEF JUSTICE ADAIR: (concurring in the result). I concur in affirming the judgment of the district court but do not agree with all that is said in the foregoing opinion.

MR. JUSTICE ANDERSON, dissents.

MR. JUSTICE DAVIS, not participating.